### J. M. HOCKER V. MABEL DAY.

#### No. 6970.

1. **Charge—Limitation.**—The defendant pleaded the statute of limitations, and the testimony was such as to raise the issue. The court charged the jury that "the defendant had pleaded the statute of limitations in bar of plaintiff's action among other defenses," and did not further instruct upon that subject. No instruction was asked. *Held,* that it was the duty of plaintiff to ask further instructions if he desired, and having failed to do so, he can not complain on appeal of the defective charge.

2. **Settlement Between Parties—Charge.**—When the defendant pleaded a settlement of all matters between the parties, and there was testimony to but one settlement and upon that conflicting, it was proper to instruct the jury that "if there was a settlement had between the plaintiff and the defendant of the matters mentioned in plaintiff's petition, and that the sums due from defendant were agreed upon by them, then such agreement would be binding on the parties, and the same can not in this suit be set aside."

3. **Motion for New Trial.**—See facts held insufficient on motion for new trial for newly discovered evidence to require a reversal for refusing such motion. Diligence to obtain it is not shown, nor its absence accounted for, nor does its materiality appear.

APPEAL from Coleman. Tried below before Hon. John C. Randolph. The opinion states the case.

*Ledbetter & Randolph* and *Martin & Strong*, for appellant.—1. The court should so frame the charge as to distinctly separate the question of law from the questions of fact, and he should decide on and instruct the jury as to the law arising on the facts, and submit all controverted questions of fact solely to the decision of the jury. Rev. Stats., art. 1317; Railway v. Underwood, 64 Texas, 463.

2. An erroneous charge of the court which is calculated to mislead the jury is reversible error unless it is shown by the appellee that no injury to appellant has resulted from said charge. Railway v. Greenlee, 62 Texas, 344; Franklin v. Smith & Harris, 1 Posey's U. C., 229; Willis Bros. v. Kirbie, Id., 304.

3. The court should so frame its charge as to submit such issues, and such issues only, as are raised by the pleadings.

The defendant in her answer pleaded a memorandum in writing, dated July 11, 1883, by way of estoppel, as a full settlement of all matters set out in plaintiff's petition, and raised by her pleadings no other issue of settlement. The court charged the jury generally "that if there was a settlement had between the parties of the matters mentioned in plaintiff's petition," etc., and nowhere in its charge limits the consideration of the jury to the particular issue raised by the pleadings upon said plea of estoppel based upon said memoranda of July 11, 1883. Rev. Stats., art. 1317.

4. Where the verdict of the jury is manifestly against the whole weight of evidence, the same should be set aside and a new trial granted. Zapp v. Michaelis, 58 Texas, 270; Willis v. Lewis, 28 Texas, 191; Thorn v. Frazer, 60 Texas, 259; Burns v. Hill, 2 Ct. App. C. C., sec. 523; Kennedy v. Clark & Tankersly, 1 Ct. App. C. C., sec. 843.

5. When the defendant pleads special matter as an estoppel to the plaintiff's cause of action, the burden of proof is on the defendant to establish by a preponderance of evidence the estoppel as pleaded. Rogers v. Kennard, 54 Texas, 35, 36; Gann v. Show, 2 Ct. App. C. C., sec. 255; Manufacturing Co. v. Wood, 1 Ct. App. C. C., sec. 1178.

6. A new trial should be granted on the grounds of newly discovered evidence shown to be material and to have been discovered after the trial, and that it was not owing to the want of due diligence that it was not sooner discovered. Burford v. Bostick, 50 Texas, 371; Railway v. Forsyth, 49 Texas, 171; Wolf v. Mahan, 57 Texas, 171.

*Sims & Snodgrass*, for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover damage for an alleged breach of contract.

His petition charged that he had procured sales of cattle and lease of lands belonging to the defendant for prices aggregating $272,430, for which she had contracted to pay him a commission of 5 per cent upon

said amount; that in consideration of the amount so due him as commission and a promissory note for $1080.50, which defendant had assumed the payment of to plaintiff, she obligated herself to pay for and have issued to plaintiff $12,500 in the capital stock of the Day Cattle Ranch Company; that said contract for capital stock was in writing and dated the 3d day of July, 1883, and the contract to pay commissions was made on or about the 24th day of April, 1883; that in pursuance of the contract of the 3d day of July, 1883, the defendant paid for and caused to be issued to plaintiff $4600 of the shares of stock in said company, but failed and refused to pay for or cause to be issued the balance of said shares of stock.

The defendant answered, pleading a general denial and the statute of limitations of two years.

She also pleaded that on the 11th day of July, 1883, an accounting and settlement was had between plaintiff and defendant of all matters, which was then reduced to writing and signed by them, and which was in the following words and figures:

> "LEXINGTON, KY., July 11, 1883.
> "Commissions .......................................$3750.00
> "Payment of Ma's note and interest........................ 1080.55
> "Commissions on Lease.................................. 200.00
> _____
> $5030.55
> "Credit by note due December 1, 1883, $500.    This July 11, 1883.
> "MRS. MABEL DAY,
> "J. M. HOCKER."

And that she had fully paid off and discharged the amount then ascertained and agreed to be owing by her to the plaintiff.

The evidence was contradictory. The plaintiff testified and introduced some other evidence tending to support his demand.

The defendant testified, denying that she ever became indebted to plaintiff for commissions as claimed by him, but admitting that she had become indebted to him for 5 per cent commissions on $75,000 for which he had sold cattle belonging to her. She also testified that the accounting and settlement on the 11th day of July, 1883, above referred to, included everything that she was indebted to the plaintiff for. Her testimony was to an extent corroborated by another witness.

The written agreement of the 3d day of July, 1883, was read in evidence, from which the following facts appeared:

The defendant Mabel Day, J. M. Hocker the plaintiff, W. H. Doss, Wm. Tarr, George G. White, and E. D. Sayre agreed to organize a corporation for the purpose of grazing, feeding, and dealing in live animals, with a capital stock of $200,000, which it was stipulated should be distributed among said parties as follows:  Defendant was to have

one-half; plaintiff and Wm. Doss were to have between them one-eighth; and Wm. Tarr, George G. White, and E. D. Sayre were each to have one-eighth.

The agreement recited that the defendant represented herself to be the owner of between fifty thousand and sixty-five thousand acres of land, about six thousand five hundred head of cattle, and twenty head of horses, which she agreed to sell and lease to the corporation; the cattle to be sold to it for $30 per head, the horses for $50 each, and the land to be leased to it for five years at the rate of 25 cents per acre, payable semi-annually.

It was further stipulated that each of the other parties to the agreement should pay to the defendant their proportionate share of the capital stock when the horses and cattle should be delivered to the corporation by the defendant. The live animals were sold to the corporation and their value was the basis of its capital stock.

Nothing was said in said written agreement about commissions due by the defendant to plaintiff; nor with regard to plaintiff taking the shares of stock appropriated to him otherwise than by paying the defendant therefor the same as the other parties were to do.

The testimony shows that the corporation was subsequently organized as proposed and that the live stock and land were delivered to it by the defendant. It indicates that the value of the live stock was something less than $200,000, and consequently that the capital stock of the corporation actually paid in was something below that amount.

Upon the verdict of a jury a judgment was rendered in favor of the defendant.

Appellant's first assignment of error is that the court erred in charging the jury that "defendant had pleaded the statute of limitations in bar of plaintiff's cause of action among other defenses, and did not in any part of said charge instruct the jury upon the law of limitation applicable to this cause."

If the plaintiff was dissatisfied with the charge on account of such omission his remedy was to call the attention of the court to it by requesting the charge that he now urges should have been given.

It is not at all clear to us that the jury would not have been required in response to such a charge to find for the defendant upon her plea of the statute of limitations of two years.

The second assignment of error is that the court erred in instructing the jury that "if there was a settlement had between the plaintiff and defendant of the matters mentioned in plaintiff's petition, and the sums due from defendant were agreed on by them, then such agreement would be binding on the parties, and the same can not in this suit be set aside."

We think the charge was the law of the case and was warranted by the pleadings and the evidence.

As there was only one settlement referred to in the pleadings or the evidence to which the jury could possibly have understood the charge as having an application, it was not liable to an objection urged against it that it was too general. We think it was sufficiently specific.

It is complained that the court erred in not granting plaintiff a new trial, because his evidence "fully sustained every material allegation in his petition, and was corroborated by the written contract dated July 3, 1883, and the articles of incorporation dated July 9, 1883, as well as the written memoranda dated July 11, 1883, and was only contradicted by the verbal testimony of the defendant in person and her brother William Doss, and because all of the material testimony of these two witnesses was in conflict with the clear legal import of the terms and stipulations of said written contract, articles of incorporation, and written memoranda."

If we could agree with appellant in the view here taken of the evidence, still as the jury accepted defendant's version of the facts it would be our duty to allow the verdict to stand.

If, however, it could be conceded that the plaintiff had earned commissions, agreed to be paid by the defendant for selling her property, by forming a corporation with $200,000 of capital stock, to represent its value, to which she transferred it, receiving from purchasers of the stock only $75,000, and having to retain the remainder of it herself for want of a paying purchaser, we would still feel constrained to hold that the written evidence referred to does not in any material respect corroborate the testimony of plaintiff.

The plaintiff also complains of the refusal of the court to grant him a new trial on the ground of newly discovered evidence.

This ground is stated as follows in his assignment of errors:

"On the back or reverse side of said memoranda introduced by the defendant on the trial of this cause, there appears the following additional memoranda in the handwriting and figures of defendant, viz.:

| | | |
|---|---:|---:|
| Hocker | $ 10,000 | |
| Baby | 46,500 | $189,450 |
| Sayre W. & T. | 75,000 | 144,500 |
| Doss | 13,000 | |
| | $144,500 | $ 44,950 |

as well as other figures therein set out. That said memoranda on the reverse or back of same was not discovered by plaintiff or his attorney until after the trial of this cause. That said memoranda did not come into the hands of plaintiff until introduced in evidence, and that the failure to discover the above mentioned portion of said memoranda was not the fault of plaintiff nor due to want of diligence on his part; said memoranda being attached and made a part of the application for a new trial."

The matter here referred to first appeared in plaintiff's motion for a new trial, which was not sworn to or otherwise supported. Aside from this objection to it, we are unable to see its pertinency or materiality. If it indicates that plaintiff was to be a stockholder in the corporation, that fact was already in evidence through the written agreement of July 11, 1883. It utterly fails to show that he was entitled to receive any stock that he did not pay for, as other stockholders did, as that agreement seemed to require.

As neither the materiality of the evidence is apparent, nor the want of diligence in discovering it earlier is accounted for in any way that the District Court could consider, we can not hold that the court committed an error in not granting a new trial.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered April 17, 1891.