**ROY JONES LUMBER CO. et al. v. MURPHY.**

No. 3832.

Court of Civil Appeals of Texas. Beaumont.

July 3, 1941.

Rehearing Denied Sept. 17, 1941.

Barnes & Barnes, of Beaumont, and Lightfoot, Robertson & Gano, of Fort Worth, for appellants.

Lamar Cecil, of Beaumont, and Thos. A. Wheat, of Liberty, for appellee.

COMBS, Justice.

Appellee, Johnny Cyril Murphy, recovered judgment against appellants in the amount of $12,750 for personal injuries sustained in an automobile collision.

Appellants do not challenge any finding of the jury, nor do they assign error against the court's charge. Their ten assignments all complain of the action of the trial court in refusing to grant them a new trial because of alleged misconduct of the jury.

The appellants' original motion for new trial was filed July 15, 1940. An amended motion for new trial was filed August 3, 1940, wherein they complained of alleged jury misconduct, in that the jury had discussed insurance, and the fact that a part of plaintiff's recovery would have to be paid to lawyers; and had also returned a quotient verdict in arriving at the amount of plaintiff's damages. By special exceptions the plaintiff objected to consideration of that part of the motion complaining of jury misconduct, because the motion was not verified nor supported by affidavit of any juror. The trial court sustained the exceptions. Then counsel for appellants requested permission to amend the motion by attaching, as exhibits, an affidavit of a claim adjuster of an insurance company, and written statements signed by two jurors but not sworn to. The affidavit of the claim adjuster was to the effect that he had interviewed two

jurors, Sargent and Tomlinson, "and other jurors", and that Sargent and Tomlinson had told him of the alleged misconduct. To this affidavit of the adjuster was appended an affidavit of the president of the defendant Roy Jones Lumber Company, as follows:

"I, Roy Jones, President of Roy Jones Lumber Co., Inc., one of the defendants in this case, have read the above and foregoing statement (of the investigator), and say that as reported to me by the investigator and upon that information and belief, each and every statement herein is true and correct."

Counsel also sought to attach the signed but unsworn statements of the two jurors mentioned. These statements were witnessed by two adjusters. Counsel for defendants also offered orally to produce the two jurors as witnesses. The trial court refused to allow the motion to be amended, or to go into an examination of the two jurors.

■ The trial court correctly refused to consider the matters of alleged jury misconduct on the unverified motion for new trial. The amended motion as it came on for hearing was not supported by any affidavit, nor was any explanation offered as to why it was not so supported or verified.

■ It is true, as contended by appellants, that the Statutes, Vernon's Ann.Civ. St. Articles 2232, 2233 and 2234, pertaining to motions for new trial do not expressly provide for verification of such motions, based on jury misconduct. But the statute is merely silent on the matter. It neither expressly excludes the requirement nor provides any procedure inconsistent with it. The subject is governed by the common law of England. Vernon's Annotated Civil Statutes, Article 1; Robertson v. Humble Oil & Refining Co., Tex. Civ.App., 116 S.W.2d 820, and authorities cited. Our code of Criminal Procedure is likewise silent on the subject. See Article 753. But even in criminal cases, involving life and liberty, our Court of Criminal Appeals has held that motions for new trial involving jury misconduct and other matters lying outside the record must be sworn to. Hicks v. State, 75 Tex.Cr.R. 461, 171 S.W. 755.

■ The trial court did not err in refusing to allow the proposed amendment of the motion. In the first place it was more than twenty days after the original motion was filed, and came too late. See Vernon's Annotated Civil Statutes, Article 2092, subd. 29.

■ Furthermore, the tendered amendment of the motion did not satisfy the requirements of the rule. With all of counsel's proposals to amend the motion no properly verified motion was ever tendered. Neither, was any affidavit of a juror tendered, notwithstanding the two jurors whose "statements" were relied on were apparently in attendance upon the court, since counsel for defendants tendered them as witnesses. Nor was there any excuse or explanation for the failure to verify or submit affidavits. The statements tendered show them to have been made by the jurors a month before the hearing. Certainly defendants had ample time and opportunity to secure affidavits of the alleged misconduct, if they were desired and could be had.

■■ The requirement for clear allegations of jury misconduct supported by oath is a sound and wholesome one. The machinery of the court should not be invoked to aid a litigant in a "fishing expedition" to determine whether or not some act of misconduct occurred. The purpose of the rule obviously is to require a good faith, sworn affirmation, clearly and definitely setting forth the misconduct, or, in the absence of sworn affirmation, at least a satisfactory explanation why that cannot be done, and offering a reasonable basis for the belief that the misconduct occurred, thus affording the court some assurance that an inquiry on the subject will produce evidence of misconduct prejudicial to the rights of the complainant. Otherwise every hearing on a motion for new trial could be converted into a "trial" in which the jurors are summoned back to court and subjected to examination concerning their conduct in the jury room, thus wasting the time of the court and harassing good citizens who serve as jurors. It is a pernicious practice, which already has been allowed to go too far in this state. To hold in this case that the trial court erred in not permitting the defendants to call jurors to testify with reference to the alleged misconduct would, if it became the rule, strike down about the only safeguard that Texas court decisions of recent years have left, whereby the trial judge can protect jurors and his court from an endless procession of such inquiries, on motion for

new trial. The frequency with which jurors are now hounded by "investigators" and hailed into court to be examined in regard to their deliberations suggests that we need additional and more effective safeguards, rather than less.

The judgment of the trial court is affirmed.