ROY JONES LUMBER COMPANY ET AL V. JOHNNY CYRIL MURPHY.

No. 7912. Decided June 17, 1942.
Rehearing overruled July 22, 1942.
(163 S. W., 2d Series, 644.)

*Davis C. Marcus* and *Barnes & Barnes,* all of Beaumont, and *Lightfoot, Robertson & Gano,* of Fort Worth, for plaintiffs in error.

It was error for the trial court to sustain plaintiff's exceptions to defendant's motion for new trial alleging misconduct of the jury; in refusing to permit defendants to attach a verification to their motion; in refusing to permit defendants to prove in open court the specific acts of misconduct, and in holding that a motion for new trial alleging misconduct of jury must be verified. Traders & Gen. Ins. Co. v. Lincecum, 130 Texas 220, 107 S. W. (2d) 585; Page v. Thomas, 123 Texas 368, 71 S. W. (2d) 234; 41 Tex. Jur. 839.

*Thos. A. Wheat,* of Liberty, and *Lamar Cecil,* of Beaumont, for defendant in error.

The trial court did not abuse its discretion in making the rulings complained of. Robertson v. Humble Oil & Refining Co., 116 S. W. (2d) 820; Federal Underwriters Exchange v. Skinner, 146 S. W. (2d) 325; Independent Life Ins. Co. v. Work, Dist. Judge, 124 Texas 281, 77 S. W. (2d) 1036.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This appeal presents only the question as to whether the trial court erred in refusing to hear evidence on the motion of petitioners for a new trial. The Court of Civil Appeals, at Beaumont, held that no error was committed. 154 S. W. (2d) 187.

Murphy, suing for damages for personal injuries suffered in an automobile collision, won a jury verdict for $12,750.00. In an amended motion for a new trial, seasonably filed, petitioners alleged jury misconduct in that in their deliberations the jury discussed the fact that defendants would not have to pay the damages awarded because they had insurance coverage; plaintiff's expenses for X-rays, medical attention and hospitalization; his probable outlay for attorney's fees; and the financial straits of plaintiff's father. And it was further alleged that the amount awarded was fixed by a quotient verdict and at such a sum as the jury thought petitioners would pay without "kicking it around in the higher courts."

Murphy specially excepted to the allegations of misconduct because (1) the motion was not properly sworn to; (2) it was not supported by affidavits clearly setting out the facts alleged to constitute misconduct. The exception was sustained and all allegations of misconduct were ordered stricken from the motion. Thereupon petitioners asked leave of the court to amend the motion for a new trial "by verifying the same with affidavit," which the court refused. The bill of exception shows that petitioners' counsel then said, "and at this time we tender testimony of jurors John B. Tomlinson and C. T. Sargent in support of their statements, *which original statements are signed and now before the bench; and we ask leave of the Court to let those two jurors take the witness stand and tell whether those statements are true and whether they signed them * * .* (Italics ours.) Now, we ask leave of the Court to put C. T. Sargent on the stand, to show that the statement has been made and that he will swear to it." Then he repeated his request that petitioners have leave "to put each of these witnesses on the stand, so that they will confirm and affirm these statements." Basing his ruling on the ground that the motion was not sufficient to warrant a hearing thereon, the trial judge announced, "I don't care to have the evidence." Whereupon, the motion, which assigned other grounds of alleged error, was overruled.

The statements of the two jurors, Sargent and Tomlinson, tendered under the circumstances above related, state, among

other things, that the jury decided that their verdict was not so large but that petitioners' insurance would cover it and that it was fixed at such sum that the insurance company would pay it "without kicking the verdict around in the higher courts."

Whether a motion for a new trial in a civil case alleging jury misconduct must be verified has never been definitely settled in Texas. We find authorities both ways. Thus, in Estep v. Bratton (Civ. App.), 24 S. W. (2d) 465, the opinion is expressed that such motion does not have to verified although the court apparently recognized that the expression was not necessary to a decision of the matters before it. Citing eleven cases, 31 Tex. Jur., p. 126, sec. 114, says *it seems* that a motion for new trial should be verified. In two comparatively recent decisions the Supreme Court has declined to pass on the question. St. Paul Fire & Marine Ins. Co. v. Earnest et al, 116 Tex., 565, 296 S. W. 1088; Allala v. Tandy & Sons et al, 127 Texas, 148, 92 S. W. (2d) 227. In the latter case Judge Harvey says, "The Court of Civil Appeals affirmed the judgment of the trial court in this respect (refusal to hear testimony of jurors in support of the motion), for the reason that the averments of the motion were not sworn to. We find it unnecessary to consider whether this ruling of the Court of Civil Appeals be correct or not." In the early case of Sweeney v. Jarvis, 6 Texas, 36, decided in 1851, Justice Wheeler, after quoting the statute of that day requiring that a motion for a new trial "shall be accompanied by a written specification of the grounds on which it is founded; and none other than those specified shall be heard," (Acts 1846, p. 392) had this to say, "The grounds on which a new trial may be asked, are various; as * * misconduct of the jury * * and the like. The object of the statute is simply to require the party making the motion, by a written specification, to direct the attention of the Court and the opposite party to that one or more of these several grounds recognized by law, on which he proposes to base his application for a new trial. Nothing more was, it is conceived, contemplated by the statute."

■ We find nothing in the statute requiring that a motion for new trial be verified. Following the words, "Each motion shall," the requisites are set forth in four subdivisions. That relating to the form of the motion is subdivision 2, of Art. 2232, R. S., 1925, and reads, "Be in writing and signed by

the party or his attorney." Our new rules merely copy this article. Rule 320, Vernon's Tex. Civ. Pract., p. 316. There are obvious reasons why the statute does not require verification. As to matters occurring during the course of the trial, the trial judge and the opposite side know as much as the complaining party or his attorney; there is usually no dispute as to the fact of what happened, the difference being as to the legal effect to be assigned thereto. As to jury misconduct, obviously anything the party or his attorney might say on that subject would in nearly every conceivable situation be pure hearsay, since neither could have any direct knowledge as to what happened during the jury's deliberations. Making oath to hearsay information under such circumstances would add no force to the things heard. Therefore, we hold that a motion for a new trial on the ground of jury misconduct does not have to be verified. Estep v. Bratton, supra; 46 C. J., p. 315, sec. 306; 39 Am. Jur., p. 189, sec. 188.

The legislatiove intent in this regard is made plain, we think, by the fact that while the statute above referred to is silent as to verification, Art. 2236, R. S. 1926, which is a part of the same act, plainly states that a motion for new trial by a defendant who did not appear in response to citation by publication must be "supported by affidavit."

More difficulty is presented when we come to consider whether affidavits must be exhibited in connection with such motion before the trial court is bound to consider it. One authority has said that "the Texas law upon this subject does not seem to be sufficiently developed to indicate the practice absolutely." Stayton Method Pract., sec. 310, p. 308. Prior to 1905 the rule in Texas was that jurors would not be heard to attack their verdict even by admitting that they had been guilty of misconduct in so doing. S. L. & W. Ry. v. Ricketts, 96 Texas 68, 70 S. W., 315. The Legislature apparently finally realized that the constitutional guaranty that the right of trial by jury shall remain inviolate was meaningless unless they took some measures to maintain its purity. See Tex.. Const., Art. 1, sec. 15. The result was the enactment of Art. 2234, R. S. 1925. However, the statute merely says that where the ground of the motion is misconduct of the jury "the court shall hear evidence thereof from the jury or others in open court" and may grant a new trial if the misconduct proved be material, and says nothing about exhibiting affidavits to support the motion before hearing. Because of this silence in the

statute and because of the rule at common law, some confusion has resulted as to the correct practice. At common law, as to all matters dehors the record, "If the matter be such, as did not or could not appear to the judge who presided at nisi prius, it is disclosed to the court by affidavit." III Blackstone's Commentaries, p. 391. And see Webber v. Ives (Vt.), 1 Tyler, 441 (1802). That rule was early applied by this court to a motion on the ground of newly discovered evidence. Glascock v. Manor, 4 Texas 7; Hocker v. Day, 80 Texas 529, It has been invoked in many cases as to jury misconduct. A late case is Robertson v. Humble Oil & Refining Co. (Civ. App.), 116 S. W. (2d) 820 (er dism. want merit). The reason upon which the requirement is based was recently well stated as follows: "The only remedy against 'fishing expeditions,' where misconduct is charged, is to require that, by affidavits, the movant shall prove his good faith, and, by particularizing, demonstrate that his allegations of misconduct are based upon knowledge and not suspicion or hope." Freedman Packing Co. et al. Harris (Civ. App.), 160 S. W. (2d) 130 (er. dism. want merit).

■ Therefore, we hold that the correct rule is (1) if affidavits are attached to the motion showing material jury misconduct it is reversible error for the trial court to refuse to hear testimony on the motion, Stockwell v. Snyder, 126 Texas 6, 84 S. W. (2d) 705; (2) or, if the motion discloses a reasonable explanation and excuse as to why affidavits cannot be secured and exhibited, in connection with sufficient allegations of material jury misconduct, it is likewise reversible error to decline to hear testimony on the motion, Robertson v. Humble Oil & Refining Co., supra; but (3) in the absence of such affidavits or a reasonable excuse for not exhibiting the same, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial judge, Milwaukee Mechanics Ins. Co. v. Frosch (Civ. App.), 130 S. W. 600 (er. ref.). See, also, Stubblefield v. Stubblefield (Civ. App.), 45 N. W., 965 (er ref.); H. E. & W. T. Ry. Co. v. Eddings (Civ. App.), 139 S. W., 902 (er ref.); Estep v. Bratton, supra; 31 Tex. Jur., p. 126, sec. 114.

There being no affidavits attached to the motion in the case at bar, it remains for us to decide whether the trial judge abused his discretion in refusing to hear testimony on the allegations of the motion. We have concluded that he did.

We believe the circumstances were such as to apprise the trial judge that the allegations of the motion constituted something more than an idle hope on the part of ¡movants that they might be able to uncover erroneous misconduct if permitted to examine the jury. We think their offer of the written but unsworn statements of jurors Sargent and Tomlinson together with their tender of said jurors in open court to testify on the motion was such a guaranty of good faith as to challenge an inquiry by the court as to whether the matters alleged were true. The late lamented Judge Martin tersely said, in Traders & General Ins. Co. v. Lincecum, 130 Texas, 220, 107 S. W. (2d) 585, "That this section and the statute were intended to lay upon our courts the duty to protect jury trials from the ancient evil of hearing secret evidence, given without opportunity of cross-examination or the administration of an oath, is not to be doubted." A litigant's right to a jury trial is certainly no more than his right to a trial of his cause by a jury which bases its verdict solely on the evidence before it under the law as stated by the court. Without the latter the former is nothing. If upon a hearing the court should find that the alleged material misconduct did occur his granting a new trial would but "preserve and render perfect that most excellent method of decision, which is the glory of the English law." III Blackstone's Commentaries, supra.

The views expressed render it unnecessary for us to decide whether petitioners' tender of affidavits was an offer to amend an amended motion for new trial, or to discuss other propositions and arguments advanced by both sides, hence we purposely do not write on them.

It follows that the judgments of the courts below are reversed and the cause is remanded with instructions to the trial court to hear evidence upon the allegations of the amended motion of petitioners Roy Jones Lumber Co. et al for a new trial in so far as relates to jury misconduct only, and if he determines that the same occurred and that it presents reversible error, he will order a new trial; otherwise, he will overrule said amended motion and his original judgment will stand in all things as originally entered, no other point of error having been assigned here. Such hearing will be held in the same manner and under the same rules as if it had been held on August 23, 1940, without the rights of any party being prejudiced by this appeal and the delay incident thereto.

Judgments of the Court of Civil Appeals and of the district court reversed and the cause remanded to the district court for further proceedings consistent with this opinion.

Opinion adopted by the Supreme Court June 17, 1942.

Rehearing overruled July 22, 1942.