## FRIEDMAN v. FRIEDMAN.

### No. 13622.

Court of Civil Appeals of Texas. Dallas.
June 22, 1945.

Rehearing Denied July 27, 1945.

Henry Klepak, of Dallas, for appellant.

Spafford & Spafford, of Dallas, for appellee.

YOUNG, Justice.

Original plaintiff herein was Mrs. Goldie Friedman, a widow, seeking cancellation of a deed dated March 31, 1941, conveying realty on Preston Street, Dallas, to Joseph M. Friedman, a son, alleging that the instrument was executed through false representations, she believing same to be a will. Upon trial the following controlling issue (No. 1), "Do you find from a preponderance of the evidence that the defendant, upon the occasion in question, and before the deed in evidence was signed by the plaintiff, represented to the plaintiff that such instrument was a will?" was answered by the jury "No"; and judgment rendered

generally denying plaintiff's claim. Mrs. Friedman having died subsequent to trial, the appeal is prosecuted by Samuel B. Friedman, another son, as party plaintiff.

In brief, the points of appeal are: (1) Error of the court in permitting defense counsel to read to the jury and discuss in argument the 1941 deed in full, inflammatory and prejudicial portions of which were not properly in evidence; (2) permitting defense attorney to indulge in improper jury argument, detailing various instances; (3) the court's refusal to allow an amendment of motion for new trial after sustaining objections to all allegations of jury misconduct except subdivisions (b) and (c), paragraph 6; (4) charging several phases of misconduct on part of the jury, and their consideration of assertedly new and improper evidence; (5) error in permitting the jury verdict to stand, undisputed evidence being that the deed was signed under certain representations made by defendant to his mother, who could neither read nor write, causing her to believe that same was a will.

In connection with jury argument, defense counsel read the contents of plaintiff's Exhibit 1 (the 1941 deed) which recited in part: "Now, therefore, know all men by these presents, that I, Mrs. Goldie Friedman, a widow, of Dallas County, Texas, having hereto advanced to my son, Samuel B. Friedman, property and funds of the value of more than Six Thousand ($6,000.00) Dollars and he, the said Samuel Friedman having recently on the 19th day of December, 1940, taken from my possession the sum of Eight Hundred ($800.00) Dollars which he has not returned, besides numerous other sums of money advanced to him by me from time to time, and now I, the said Mrs. Goldie Friedman, a widow, for and in consideration of the sum of Ten ($10.00) Dollars to me in hand paid by my son, Joseph M. Friedman, the receipt of which is hereby acknowledged and confessed and for the purpose of doing equal justice as far as possible to my son, Joseph M. Friedman, * * *." Plaintiff's objection to such full reading and argument thereon was overruled, and error here assigned is that the deed was admitted only for the purpose of establishing its date and recordation by book and page in Dallas County Deed Records; and that above extraneous section was not in evidence, constituting new matter, likewise highly prejudicial and inflammatory.

■ Referring to the particular instrument, plaintiff alleged: "That said deed is attached hereto, marked Exhibit A and made a part hereof"; and upon trial plaintiff's counsel, after making demand for the original deed, said: "We offer in evidence this instrument as Plaintiff's Exhibit No. 1 being a deed executed on the 31st day of March, 1941 from Goldie Friedman by her mark to Joseph M. Friedman to the property on Preston Street in Dallas, Texas, recorded in Book 2267 at Page 470 on April 2nd, 1941, deed records of Dallas County, Texas." The statement of facts here shows a notation by the Court Reporter, viz., "Mr. Klepak read only a part of this deed to the jury." Above record is indefinite as to what part of the document was read to the jury, but that same was offered by plaintiff without limitation, there is no doubt. This Exhibit (basis of suit) being in evidence for all purposes, certainly adverse counsel would be entitled to comment upon it, draw any reasonable deduction therefrom, even reading it to the jury if desired. 41 Tex.Jur., Sec. 125, p. 883.

■ Appellant argues that the reporter's notes are indefinite or even incorrect with respect to whether the instrument was tendered in its entirety. We do not agree with the contention, but, even so, his claim of an imperfect record was for the trial court and is a matter over which we have no jurisdiction. 3 Tex.Jur., Sec. 557, p. 784. A restricted introduction of the deed may have been intended, but such is not disclosed by the statement of facts. In the leading case of Shumard v. Johnson, 66 Tex. 70, 17 S.W. 398, it is held (Syl. 1): "The fact that a written contract, which was likely to prejudice the jury against defendant on collateral issues, was admitted in evidence without any instruction by the court as to the restricted purposes for which it was allowed, is not reversible error, where defendant made no request for such instruction."

■■ Points 2 and 4 also complain of improper argument in view of the court's ruling that all evidence be confined to the issue of fraudulent representations relative to said deed. Its contents disclosed, and appellant's examination of defense witness. (Parks) developed, that Joe Friedman owned a one-fourth interest in one of the tracts, which interest he was relinquishing to his mother during her lifetime. Appellee's jury argument to this effect was not.

only within the record but also in answer to appellant's argument of no consideration whatever moving from defendant for the deed's execution. And said instrument, being in evidence without limitation, could be made use of for whatever it tended to prove defensively, even though the argument complained of bore only collaterally on the controlling issue of fraud.

Judgment herein was rendered June 26, 1944; motion for new trial, filed July 21, was amended August 5, and heard September 8; on which date objections were sustained to all allegations of jury misconduct, except the following two subsections of paragraph 6: (b) "That the jury attempted to arrive at a verdict for either plaintiff or defendant without considering the evidence for the purpose of answering the issues submitted," and (c) "That the jury discussed and reached an answer to special issue No. 1 for the purpose of rendering a judgment for and in behalf of the defendant." The stricken allegations on misconduct briefly are: (1) That the jury considered evidence which, by special instruction of the court, had been excluded (obviously referring to above quoted part of said deed); (2) that the jury answers to the special issues submitted were brought about by some members of the jury interpreting the law to other members and not following instructions of the court; (3) that the verdict was a compromise, in that the jurors discussed what other persons had received from Mrs. Friedman and rendered verdict so that defendant would get the property as an offset against what the other brother had received; (4) that the jury discussed and considered evidence wholly outside the record and against the court's instructions; (5) that the jury in their session discussed the matter of why appellant's other son, Sam Friedman, did not appear and testify (this son was in and out of the courtroom during the trial); (6) that the jury received new and additional evidence from one of its members relative to his personal knowledge of the legal effect of such deed.

▉▉▉ Appellant here. complains of the court's refusal to permit a further amendment of her motion for new trial. We will consider the point, however, as though no part of said motion had been struck out and as the full text thereof appears in the transcript. Thus, error of the court, if any, would relate to his refusal to hear evidence on the stricken allegations of misconduct. Such motion in the respect mentioned was not supported by affidavits, or reasonable explanation given for their absence. In Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, 646, it is held that " * * * in the absence of such affidavits or a reasonable excuse for not exhibiting the same, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial judge," citing authorities. We conclude that under the present record no abuse of discretion is shown. Appellant was permitted to examine eight of the jurors bearing on allegations of subsections (b) and (c), also generally on the deleted matter for purpose of bill of exceptions. To the misconduct charged in paragraph 6 (b and c) that the jury answered issue No. 1 without considering the evidence and solely for the purpose of reaching a verdict in favor of Joe Friedman, the following statement of juror Alexander is fairly representative of their composite testimony:

"Q. The next day did you form an opinion after deliberation and argument and conversation concerning the issues of fact, did you believe from the facts or did you from the facts form your personal opinion as to whether you were for the plaintiff or the defendant? A. It was not a question of forming an opinion as to whether I was for the plaintiff or defendant, but merely as to the special issues set out.

"Q. You were only concerned with the issues? A. Yes, sir.

"Q. Your answers to these issues was based on what you thought the facts were? A. On the facts brought out in the trial."

The court, thereafter, affirmatively found that "Neither the said jury nor any member thereof was guilty of misconduct as alleged in plaintiff's said amended motion for new trial." Such finding, being supported by ample and sufficient evidence, precludes a review of the same issue in the appellate court. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Price v. Biscoe, 141 Tex. 159, 170 S.W.2d 729. And, in view of Jones v. Murphy, supra, whether the trial judge would hear testimony of the jurors on any or all of appellant's allegations of misconduct, was a matter entirely within his discretion; for it is there held that his refusal to do so is not reversible error in absence of the required affidavits. See also Freedman Packing Co. v. Harris, Tex.Civ.App., 160 S.W.

2d 130. Appellant's points 5 to 12 claiming jury misconduct are therefore overruled.

Issue No. 1, first quoted, answered in the negative, was bitterly contested, and a major portion of the record testimony is devoted thereto. Appellant requested an issue similar to the one given; notwithstanding which, his remaining points urge that such jury verdict is contrary to undisputed facts. The controlling issue here has been disposed of adversely to plaintiff on conflicting testimony, and without further discussion these propositions are overruled.

No reversible error appearing in the subject matter on appeal, the instant judgment is in all respects affirmed.