whiskey on his person before any search was made.

Appellant's able and resourceful attorney has captured our attention with his contention that the appellant's explanation of where he had gotten the whiskey and the purpose for which he had it puts his case on all fours with Wilson v. State, Tex.Cr. App., 251 S.W.2d 888, and urges us to follow the dissenting opinion therein.

He requested a charge which told the jury that, if they believed that the appellant had purchased the liquor from some person who had bought the liquor in Dallas and had transported the same to Sulphur Springs and that he was taking it home to his wife, they should acquit him.

Even if we were to consider the statements made by the appellant at the time of his arrest to be exculpatory statements, we still do not think that he puts himself in the same category as Wilson, because Wilson himself had done the transporting from the wet area. The defense available under Article 666–23a, Section 1, Vernon's Ann.P.C., applies only to the person who does the original transporting from the wet area.

Appellant complains that the trial court answered a question in writing sent to him by the jury during the course of their deliberations. Appellant's counsel had voluntarily absented himself from the courtroom and had gone to another town. The court showed the question and his written answer to the appellant before he sent it to the jury, and appellant agreed that it might be delivered to the jury in their quarters by the deputy sheriff.

This, we think, constituted a waiver of the provisions of Article 667, C.C.P., by the appellant himself. We find no error in the court's answer to the jury's question.

Finding no reversible error, the judgment of the trial court is affirmed.

HOBBS et al. v. SLAYTON.

No. 6682.

Court of Civil Appeals of Texas.

Texarkana.

March 4, 1954.

Rehearing Denied March 25, 1954.

FANNING, Justice.

This is a damage suit for personal injuries. Appellee S. C. Slayton while driving his automobile was struck from the rear by a "jeep" automobile owned by appellant J. R. Hobbs and driven by appellant Ralph Pitts, employee of Hobbs, causing the car of appellee to swerve and strike the brick front of a grocery store, severely injuring appellee. Trial was to a jury, which answered the issues favorably to appellee and upon the verdict of the jury the court rendered judgment for appellee against appellants for $24,000 and costs. Appellants have appealed from this judgment.

Appellants contend that the trial court erred in refusing to permit them, in support of their motion for new trial charging misconduct of the jury in going to the scene of the accident for a personal examination during the trial, to offer the testimony of said twelve jurors, who were present in court and available as witnesses at the time of the hearing of the motion for a new trial. Appellants' original motion for new trial was filed June 9, 1952; and amended motion for new trial on June 26, 1952, and paragraph six thereof relative to jury misconduct, sworn to by one of appellants' attorneys, reads as follows:

"The court should grant these defendants a new trial because, during the deliberation by the jury and before a verdict was reached, one of the jurors stated in the jury room during the discussion that he could not understand from the testimony whether the distance that Ralph Pitts traveled from some particular point to the place of the collision was at a point starting from the center of the street or from the north side of the highway. Whereupon, another one of the jurors made this statement to the juror who was uncertain in the respect shown above: 'You should have done as I did, I did not understand the lay of the land very well myself but during the noon hour I went to Fry's Restaurant, which is located within close proximity of the Hobbs Equipment Company place of busi-

Strasburger, Price, Kelton, Miller & Martin, and James S. Grisham, Dallas, for appellants.

Lawrence & Lawrence, and F. Lee Lawrence, Tyler, for appellee.

ness, and while out there I looked this situation over thoroughly beginning with the place on the north side of the highway where the car started across the north one-half of the highway and to the center and on down to where the accident occurred and took a look at the little brick building that the car was shoved into and satisfied myself as to the lay of the land.' Following this statement, the juror who was troubled about the testimony in question was satisfied and voted with the others the verdict which was returned. The statement by the juror who went out and inspected the premises was prejudicial and influenced the other juror to agree to the verdict which was returned in court and the conduct of said juror in going out and viewing the highway and the premises where the accident occurred was highly prejudicial to the rights of these defendants."

The amended motion for new trial came on to be heard before the court on July 18, 1952; and on the same day and prior to the hearing appellee presented the following special exceptions:

"Plaintiff excepts to paragraph six of defendants' first amended motion for a new trial in that ' (a) said allegations contained therein are too vague to apprise this plaintiff as to the issue of jury misconduct as set out therein. (b) Said motion wholly fails to set forth the name or names of the jurors who are alleged to have committed the said acts complained of or the name or names of the jurors who were present when said alleged statements were made and heard the same and relied thereon. (c) Said motion does not have the affidavits or copies of affidavits of any jurors attached in support of said alleged misconduct and said motion wholly fails to set forth any excuse for not attaching affidavits of one or more jurors in support of said allegations. (d) Said allegations in paragraph 6 are so vague as to merely constitute a fishing expedition on the issue of jury misconduct; consequently said motion and the said allegations of paragraph 6 are wholly insufficient in these respects.' " Appellants requested leave to insert the names of the jurors in the motion (but did not follow this up by tendering affidavits or written statements from any of the jurors), which request was denied by the court. There were no affidavits of any of the jurors attached to the motion; no written unsworn statements of the jurors attached thereto or tendered to the court, as in the case of Jones Lumber Company v. Murphy, 139 Tex. 478, 163 S.W.2d 644; no allegations in the motion to disclose a reasonable explanation or excuse for the failure to have such affidavits so exhibited and no affidavits tendered in this case such as in the case of Freedman Packing Co. v. Harris, Tex.Civ.App., 160 S.W.2d 130. The trial court sustained these special exceptions and dismissed the jurors. Appellants do not bring forward a formal bill of exception showing what these jurors would testify to, nor does the statement of facts in any way disclose what these jurors would testify to. The case of Nunn v. Daly, Tex.Civ.App., 150 S.W.2d 834, error dismissed, judgment correct, holds that an assignment that trial court erred in refusal to allow interrogation of foreman of jury on hearing on motion for new trial which was supported by bill of exception that did not show what the testimony of the juror would have been had he been permitted to testify, did not disclose reversible error since the court of civil appeals could not assume that the juror would have testified to facts which would vitiate his verdict. Irrespective however of whether this point is properly presented for review, affidavits of jurors not being attached to the amended motion for new trial, there being no reasonable explanation or excuse why such affidavits could not be secured and exhibited therewith, no affidavits tendered as in the Freedman case, supra, and no unsworn written statements of the jurors tendered as in the Jones v. Murphy case, supra, we hold that it was within the sound discretion of the trial judge as to whether he would hear testimony from the jurors on the motion; Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, writ ref., n.r.e.; Jones Lumber Co. v. Murphy, supra; Robertson v. Humble Oil & Refining Co., Tex.Civ.App., 116 S.W.2d 820 (error

dism.); Maryland Casualty Co. v. Hearks, Tex.Civ.App., 188 S.W.2d 262, affirmed 144 Tex. 317, 190 S.W.2d 62; Russell Construction Co. v. Ponder, Tex.Civ.App., 182 S.W.2d 857, affirmed 143 Tex. 412, 186 S.W.2d 233. We further hold that the trial court did not abuse its discretion in refusing to allow the jurors to be interrogated with respect to the matters alleged. Also if the offer of appellants to interline the names of jurors in their motion would have constituted an amendment of their amended motion for a new trial, a matter which we deem unnecessary to decide here in view of our holding that the trial court did not abuse its discretion, then same would come too late under Rule 330 (k), Texas Rules of Civil Procedure, applicable to the 7th Judicial District Court of Smith County, Texas.

Appellants complain of the following argument of appellee's counsel: "I think I would feel better not to be under the nervous strain of having all my income cut off by the negligence of somebody as the defendant has done, thus keeping a wife and two hungry children sitting by.—". Thereafter, the following occurred: "Mr. Price: Object to this type of argument. There's nothing in the record about the wife and children being hungry. The Court: Yes, gentlemen, don't consider that part of the argument. Mr. Lawrence: Gentlemen I am merely trying to bring out the fact that he has obligations to perform to his family by keeping them up and providing for them; and I say to you when the defendants have, by their negligence, prevented him from doing that and he is unable to work by the negligence of these people, then I think he is under a severe strain * * *."

■ Appellants' assignment of error in their amended motion for new trial merely states that a new trial should be granted by reason of the above argument as shown by the notations from the record above quoted. Appellants' point however has enlarged this assignment to now complain of the argument as being highly inflammatory, prejudicial, vicious and harmful. In Allen Clark's book, "The Case on Appeal," page 67, it is stated that "Each point must be germane to one or more assignments of error" and that "a point cannot enlarge an assignment of error." However a consideration of the point will show that it does not reflect reversible error in this case. Before a judgment is reversed on improper argument it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rules 434 and 503, T.R.C.P.; Aultman v. Dallas Ry. & Terminal Co., Tex. Sup., 260 S.W.2d 596. The facts amply support the verdict of the jury, the appellee was seriously and permanently injured, and the verdict of the jury was not excessive (as hereinafter pointed out). While this type of argument is improper and we do not approve same, we do not think it constitutes reversible error in view of the court's instruction. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; King v. Federal Underwriters, 144 Tex. 531, 191 S.W.2d 855; Missouri K. & T. R. Co. of Texas v. McKinney, 136 Tex. 75, 145 S.W.2d 1081. This point is overruled.

■ We also hold that the trial court did not err in submitting special issue No. 5 providing for the allowance of damages and permitting the jury to allow plaintiff damages for future hospital bills as the evidence sufficiently raises the issue. Edens-Birch Lumber Co. v. Wood, Tex. Civ.App., 139 S.W.2d 881 (dism., judgment correct). We overrule appellants' point with respect to this matter.

■ We also overrule appellants' point that the verdict of $24,000 was excessive. Appellee had a life expectancy of 29.25 years; he was a successful subcontractor in the building industry and a skilled carpenter as well, had a good earning capacity for several years prior to his injury and his earnings for the year prior to his injury were in excess of $11,000; he received very serious permanent injuries which had totally disabled him from the time of his injury up until the date of the trial

842

(under his testimony and the testimony of two doctors); one of the doctors estimated that he would thereafter have a permanent disability of $33\frac{1}{3}\%$, and another doctor estimated his permanent disability at $15\%$. We think the evidence amply supports the verdict and that the verdict was not excessive.

The judgment of the trial court is affirmed.