### NICHOLS v. ADLER.

No. 12604.

Court of Civil Appeals of Texas.
Galveston.

May 13, 1954.

Rehearing Denied June 17, 1954.

Markwell & Stubbs, Galveston, Helm & Jones, Raymond L. McDermott, Houston, for appellant.

Wigley, McLeod, Mills & Shirley, V. W. McLeod, Galveston, Fulbright, Crooker, Freeman, Bates & Jaworski, John C. Williams, Jerry V. Walker, Houston, for appellee.

GRAVES, Justice.

This agreed statement of the nature and result of the suit, as being correct, is taken from appellant's brief: "This is a suit for damages for personal injuries sustained by plaintiff, George M. Nichols, in an automobile collision, which occurred in the city limits of the City of Galveston, * * *" on June 17, 1951, at about 12:30 a. m. The collision occurred at the intersection of 45th Street and Avenue Q, and involved a Lincoln automobile driven by the plaintiff in a westerly direction on Avenue Q, and a Packard automobile driven by the defend-

ant, A. Adler, in a northerly direction along 45th Street. The collision was a violent one, and resulted in numerous and multiple injuries to the plaintiff, including a broken neck.

"On the trial of the case to a jury on special issues, findings were rendered that both the plaintiff and defendant were guilty of certain acts of negligence proximately causing the collision. Plaintiff's damages were assessed at a total of $19,276.71. * * *. Judgment denying either the plaintiff or the defendant, or the intervenor, a recovery, was entered on the jury verdict, from which plaintiff alone has duly perfected this appeal."

Appellant predicates his appeal upon six points of alleged error, which he discusses in two groups, the first three, labelled Group No. 1, and the second three, under Group No. 2. Under the first three points appellant complains that the trial court denied him the "fundamental right to show the interest, bias and prejudice of one of the Appellee's witnesses" on the trial, I. A. Lerner, as well as the further right "to impeach the same witness by the contradicting testimony of one of Appellant's attorneys." Under his fourth, fifth and sixth points he complains that the court erred in denying the appellant's motions—filed below—seeking relief against what he alleged to be material misconduct upon the part of the jury, which tried the cause.

None of these presentments, it is determined, should be sustained; because it is held that the appellee, under what this Court holds to be the controlling facts developed upon the trial below and the law, as declared in the decisions of our courts giving them effect, has answered all of appellant's assignments.

His answering points, and respectively cited authorities, are, in substance, these:

First. "The Trial Court properly refused to permit the witness I. A. Lerner to be interrogated * * * (as to) why (he) * * * filed a suit against Appellant since

at most such questions could elicit only testimony wholly immaterial to any issue in the case * * * concerning the extent, if any, of the interest, bias or prejudice of the witness Lerner; the admissibility of (such) testimony * * * (having rested) within the discretion of the Trial Court * * * no abuse of * * * (which was) shown."

Second. "The Trial Court properly refused to permit Russell H. Markwell's testimony to go to the jury contradicting the testimony of the witness Lerner concerning the (latter's) motives * * * for filing a suit against Appellant and filing a motion to consolidate that suit with the case at bar as such was an attempt to impeach the witness Lerner on a point which was wholly collateral and immaterial to any issue in the case at bar."

Texas Law of Evidence, by McCormick & Ray, page 16, Sec. 329; Laster v. Texas Mut. Life Ins. Ass'n, Tex.Civ.App., 86 S.W.2d 842, writ dism.; Traders & General Insurance Co. v. Robinson, Tex.Civ. App., 222 S.W.2d 266, writ refused; Dimmitt v. Robbins, 74 Tex. 441, 12 S.W. 94; Citizens' Ry. & Light Co. v. Johns, 52 Tex. Civ.App. 489, 116 S.W. 62, writ refused.

Third. "Appellant has suffered no harm by the * * * Court's refusal to permit interrogation of the witness I. A. Lerner concerning his reasons for filing suit against the Appellant (nor) * * * by the * * * Court's refusal to permit the testimony of Russell H. Markwell, which was an attempt to impeach the witness Lerner on a collateral matter * * * (before) the jury, as the testimony of * * * Lerner concerning the material facts of * * * (this) accident * * * was not accepted by the jury in whole or in part."

Fourth. "The Trial Court properly sustained Appellee's Motion to Strike the Allegations of * * * Jury Misconduct from Appellant's * * * Motion for New Trial since a proper supporting affidavit was not attached to * * * (it) and no reasonable explanation and excuse was disclosed (for such omission) why a proper affidavit was not secured and exhibited in connection with sufficient allegations of material jury misconduct and so no question of jury misconduct was raised and no proof of same was permissible."

Rule 434 T.R.C.P.; Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191; Little Rock Furniture Mfg. Co. v. Dunn, Tex.Civ.App., 218 S.W.2d 527, affirmed by Supreme Court in 148 Tex. 197, 222 S.W.2d 985.; Thornburg v. Manskey, Tex.Civ.App., 219 S.W.2d 720; Quesada v. Graham Ice Cream Co., Tex.Civ.App., 207 S.W.2d 120; Rule 327 T.R.C.P.; Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S. W.2d 644 (Tex.Com.App. opinion adopted by the Supreme Court); Smith v. Houston Transit Co., Tex.Civ.App., 215 S.W.2d 187, writ refused, N. R. E.; Union City Transfer v. Adams, Tex.Civ.App., 248 S.W.2d 256, writ refused, N. R. E., certiorari denied 344 U.S. 912, 73 S.Ct. 334, 97 L.Ed. 703; Sproles Motor Freight Lines, Inc. v. Long, 140 Tex. 494, 168 S.W.2d 642; Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384, writ refused, N. R. E., and Watts v. Texas Employers' Insurance Association, Tex.Civ.App., 264 S.W. 186.

As indicated, under the view this Court takes of the reaches of the appeal, no extended discussion of the questions-of-law so presented is considered to be necessary; the parties have so clearly presented the issues between them, including the citations of their supporting authorities, hence, no further elaboration thereof is deemed needful.

After so considering the record as a whole, in the first place, it finds no showing to the effect that appellant was denied "the fundamental right to show the interest, bias, and prejudice of one of appellee's witnesses on the trial, I. A. Lerner, as well as the further right to impeach that witness by the contradicting testimony of Appellant's attorney, Mr. Russell Markwell"; the record shows that Mr. Lerner, who was a passenger in the appellee's car at the time of the collision, claimed to have received an injury therein, along with the appellee, and

that he also had filed a personal suit for damages against the appellant to recover therefor; and that he had had a conversation with Mr. Markwell in reference thereto, and that he and Mr. Markwell had differed in their versions of what had occurred between them concerning that suit.

The trial court excluded all of this testimony from both parties and certified that the record should show that Mr. Lerner and Mr. Markwell are both members of the Bar of Galveston, in good standing, and that the court did not have to choose between their testimonies.

Wherefore, out of such proceeding and relations between the appellee here and Mr. Russel H. Markwell, have arisen the contentions appellant makes under his quoted first three points-of-error herein. It seems to this Court well-nigh obvious, as indicated, that no such effect should be given them, and that, to say the most of them, it clearly rested within the sound discretion of the trial judge to hold that they did not present material for impeachment. For a case apparently directly in point, see Laster v. Texas Mut. Life Ins. Ass'n, Tex.Civ.App., 86 S.W.2d 842 (writ dismissed).

As concerns the appellant's further contention for reversal on account of his alleged claim that there was jury misconduct in the cause, after its painstaking examination of the record, this Court is unable to hold there was any proper showing of such conduct upon the jury's part as should reverse the trial court's action.

Indeed, our authorities, in the circumstances, required the trial court's action in having so sustained the appellee's motion there to strike appellant's allegations of jury misconduct as having been immaterial. Indeed, on the hearing before it, upon this question, the trial court found, in substance, this: "that no affidavit of a juror was attached to Appellant's Amended Motion for New Trial, that there was no reasonable explanation and excuse as to why affidavits of one or more jurors could not be secured and exhibited in connection with sufficient

allegations of jury misconduct; and that there were not sufficient allegations of material jury misconduct contained in the Appellant's Amended Motion for New Trial."

Indeed, Rule 327, T.R.C.P., as interpreted by the Supreme Court, alone, seems to be sufficient authority in support of the trial court's stated action. It is deemed enough upon this subject to suggest that the Supreme Court, in interpreting this Rule 327, which appellant's brief herein apparently seems to recognize as controlling, in the case of Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, in effect so held.

Further discussion is deemed unnecessary since these conclusions require an affirmance of the trial court's judgment. It will be so ordered. Affirmed, CODY, J., reserving judgment on the question of whether or not the trial court erred in not permitting appellant to show the extent of the bias of Lerner, pending motion for rehearing, if any.

On Motion for Rehearing

Rehearing denied.

Concurring Opinion

CODY, Justice.

As appears from this Court's opinion upon original hearing, Mr. Lerner, who testified upon the trial for appellee, was a passenger in appellee's automobile when the collision between appellee's and appellant's automobiles took place. Upon his examination-in-chief, he testified that he was a lawyer and that he had filed a suit for damages against appellant growing out of the same collision in which appellant's damage suit against appellee was based, and on which appellee's cross-action for damages against appellant was based. Such testimony was subject to the reasonable construction, if it did not compel it, that Mr. Lerner in his capacity as a lawyer believed that appellant, under the law and facts, was liable for the

collision, and that the expense of suit by him to recover damages from appellant was justified.

Upon cross-examination, appellant's counsel was permitted to ask Mr. Lerner about the items of damages growing out of the same collision which he sought to recover from appellant; following which counsel for appellant asked the witness if he had not talked about the case to Judge Russel H. Markwell about the time he instituted it, and the witness admitted that he had. At that point the court sustained an objection to the question. Whereupon the jury was retired so that appellant could take his bill of exceptions. As so questioned out of the hearing of the jury, the witness denied that he had told Judge Markwell that he had filed the suit with no expectation of recovering any damages, but solely for the purpose of confusing the issues in the case which is now on appeal. And the witness further denied that he informed the said Markwell that he intended to accomplish this by seeking to have the cases consolidated. For the bill, Judge Markwell testified to the contrary, and appellant introduced a copy of a letter which Markwell wrote, when Mr. Lerner left his office, to his co-counsel reporting the conversation.

I cannot be persuaded that the matters inquired about in the bill of exceptions related to collateral matters. The issues relating to negligence on the parts of appellant and appellee were necessarily identical, both in the case now on appeal and the case filed by Mr. Lerner. Where it is shown that evidence is available that a witness in a case has gone to unusual lengths to bring about a miscarriage of justice in the case in which he is testifying and in order to cause the side he favors to win and the other side to lose, how can such evidence be classified as collateral? The excluded evidence should have been admitted for the jury to pass on its credibility, and if believed to reject the testimony of such witness.

However, after carefully reviewing the findings of the jury, I have concluded that the jury rejected the evidence of Mr. Lerner. Consequently, the court's error in excluding was harmless. See Quesada v. Graham Ice Cream Co., Tex.Civ.App., 207 S.W.2d 120, 122. I must, therefore, concur in the conclusion reached by the majority opinion.