W. C. SUTHERLAND, Jr., Appellant,

v.

Carter McGREGOR, Jr., et ux., Appellees.

No. 16567.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 2, 1964.

Rehearing Denied Oct. 30, 1964.

Glen Sutherland, El Paso, for appellant.

Prothro & Sellers and Lee Sellers, Wichita Falls, for appellees.

RENFRO, Justice.

Plaintiff Sutherland alleged that he obtained an oil and gas lease from defendants Carter McGregor, Jr., and wife on May 16, 1961, covering Lot No. 13 of the Pace Subdivision on Blocks 155 and 156 of the John W. Harris Subdivision in Archer County; on July 8, 1961, he received a phone call from McGregor, in which McGregor informed plaintiff that defendant believed there was a unit agreement on the lease giving title to the lease to Galloway Bros.; this caused plaintiff to believe title to the lease was clouded and caused plaintiff to delay the drilling of a well. Other acts of the defendants were alleged but since the phone call was the only action of the defendants submitted to the jury no further consideration need be given them.

Plaintiff further alleged that Galloway Bros. filed suit to clear title in them on August 9, 1961, and on February 23, 1962, judgment was entered for plaintiff. Plaintiff pled damages against the McGregors in the sum of $30,000 as a result of oil and

gas being drained from his lease during the delay in drilling, and for $40,000 exemplary damages.

The jury found that plaintiff delayed the drilling of a well because of the conversation of July 8, but that plaintiff suffered no loss by drainage by reason of such delay.

Plaintiff contends that the "no loss" finding was based upon the testimony of the witness Gouldy, and that Gouldy's testimony was wholly hearsay.

Gouldy testified he was a consulting petroleum engineer, registered professional engineer, and had been doing petroleum engineering since graduating with a degree in Petroleum Engineering from the University of Texas in 1939. He was employed by Galloway Brothers in 1961-2 to study their waterflood operations and make recommendations concerning them in connection with the "Abercrombie B" lease, which included the lease in question. He visited the lease regularly, conferred with the operating personnel, made recommendations concerning any changes in waterflood procedures, well testing, and gave technical advice to the operator concerning the operation of the waterflood; tests of the producing wells were made under his supervision and direction, and of course the results of such tests were available to him. Based upon his work, a study of the records and upon his knowledge of "what went on out there", the witness was of the opinion the movement of the water from the injection well did not affect plaintiff's lease. Gouldy testified in detail and at great length as to the reason for his opinion.

Gouldy's qualification as a petroleum engineer was not challenged.

In Schooler v. State, 175 S.W.2d 664 (El Paso Civ.App., 1943, ref. w. m.), it was stated: "The conclusions of an expert as to so technical a subject as the geological features of a defined area arrived at in part from study of unsworn reports prepared by other experts are analogous to the diagnosis by a physician based in part

on unsworn reports of tests made by hospital technicians. * * * The objection, we think, goes more to the weight to be given to, than to the admissibility of, such testimony. Testimony predicated both upon personal knowledge and upon hearsay has been held to be admissible in this jurisdiction."

■ Gouldy was an expert witness. His testimony was based partly on his knowledge, partly on tests made under his direction and supervision, and partly upon reports made by others.

Clearly his testimony was admissible.

■ In answer to issues 10 and 11, the jury found that any delay in drilling by plaintiff from August 8, 1961, to February 23, 1962, was caused solely by the acts and conduct of Galloway Brothers.

Plaintiff contends there was no evidence to support the jury's answers.

The suit by Galloway Brothers against plaintiff was brought without arrangement with or knowledge of the McGregors. From August 21, 1961, until February 23, 1962, plaintiff was enjoined, by agreement with Galloway Brothers, from conducting operations on the lease. Plaintiff, after judgment in his favor on February 23 in the Galloway suit, immediately proceeded to drill a well, and suffered no objection or complaint from defendants. There was ample evidence to support the jury's findings.

■ The third point claims error on the part of the court "in requiring affidavits from the jury to be filed with the amended motion for a new trial before he would hear evidence from the jury concerning misconduct."

The amended motion for new trial was not verified and no affidavits were attached to same.

In the absence of affidavits, it was necessary for the plaintiff to show in his motion

a reasonable explanation and excuse as to why affidavits could not be secured and exhibited in connection with sufficient allegations of material jury misconduct. The court did not abuse his discretion in refusing to hear testimony from the jurors. Union City Transfer v. Adams, 248 S.W.2d 256 (Fort Worth Civ.App., 1952, ref., n. r. e.); Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644 (1942).

Judgment affirmed.