### C. U. CONNELLEE v. A. J. DOAKE.

(No. 6437.)

APPEAL from Eastland County.     Opinion by WILL-SON, J.

R. B. TRULY, counsel for appellant.

B. F. COTTON, counsel for appellee.

§ 98. *Practice; fraudulent attempt to confer jurisdiction; plea of, submitted to and determined by judge, should not be submitted to jury; exemplary damages; allegation and proof of.* Appellee brought this suit to recover $100 actual and $200 exemplary damages done to his horse by a barbed-wire fence erected by appellant. He recovered judgment for $50 actual damages. Appellant pleaded that appellee had fraudulently alleged an amount of damages greater than he was legally entitled to recover under the allegations of his petition, and greater than the evidence would entitle him to recover, for the purpose of conferring jurisdiction of the cause upon the county court. Appellant submitted his plea to the judge, not demanding at the time that it should be tried by a jury, and the judge, after hearing the evidence offered upon the issue made by said plea, found against and overruled it. This finding and ruling of the judge were correct. Under the allegations the petition showed a good cause of action for both the actual and the exemplary damages claimed by him. Gross negligence in the construction of the fence was alleged, and this allegation would authorize, if proved, the recovery of exemplary damages, and the amount of that character of damages claimed in the petition cannot be held to be excessive or unreasonable. In view of the evidence in the case appellee had reasonable grounds upon which to base his claim for exemplary damages, and was, we think,

146

legally entitled to recover such damages. [2 Civil Cas. Ct. App., § 772.] When the cause went to the jury appellant proposed to submit the issue made by said plea to the jury, and offered evidence in support of said plea. The judge refused to admit said evidence, and declined to submit the plea to the jury. In this there was no error. It is true that the proper practice would have been to have submitted said issue, under proper instructions, for the determination of the jury [Railway Co. v. Nicholson, 61 Tex. 550; Dwyer v. Bassett, 63 Tex. 274; 3 Civil Cas. Ct. App., § 355]; but appellant cannot complain of a departure from the proper practice in this case, because he submitted said plea to the adjudication of the judge, and thereby waived and deprived himself of the right to have it submitted to the jury. One adjudication of the plea was all he was entitled to, and that was accorded to him in the mode chosen by himself. Other questions presented in appellant's brief have been determined adversely to him in former decisions of this court. [2 Civil Cas. Ct. App., §§ 360–363, 771.]

April 26, 1890.                                    Affirmed.