**BULL DOG AUTO INS. CO. v. CROWLEY.**
(No. 6928.)

(Court of Civil Appeals of Texas. Austin. Feb. 17, 1926. Rehearing Denied March 10, 1926.)

1. **Appeal and error 846(5)—Judgment will be sustained, if possible under any theory of evidence, where findings and conclusions were not made and were not requested.**

Judgment will not be disturbed on appeal, if there is any theory of evidence on which it can be sustained, where trial court made no findings of fact or conclusions of law, and none was requested.

2. **Insurance 281—Overvaluation of insured automobile held not to avoid policy in absence of fraud.**

Overvaluation of insured automobile, which was not alleged nor proved to be fraudulent held insufficient to avoid policy.

3. **Insurance 646(2).**

Burden is on insurer to establish fact of overvaluation and of fraud to avoid policy on that ground.

4. **Insurance 668(6).**

Evidence held sufficient to raise question under Rev. St. 1911, art. 4947 (Rev. St. 1925, art. 5043), whether alleged misrepresentation as to value of insured automobile was "material to the risk."

5. **Appeal and error 1010(1).**

Trial court's finding on question of fact, with evidence to support it, will not be disturbed on appeal.

6. **Evidence 543(4)—Testimony as to value of insured automobile by one who had never seen it, and who based his testimony on table of values of secondhand cars, held properly excluded.**

In action on policy of automobile insurance, testimony as to value of car and its model, by one who had never seen it, but based his opinion on table in book as to value insurance company put on certain makes and models of secondhand automobiles, held properly excluded.

7. **Appeal and error 733—Assignment that court erred in rendering judgment because plaintiff failed to prove performance of duties required by terms of insurance policy held too general (Rules for Court of Civil Appeals, 24–26; Rev. St. 1911, art. 1612 [Rev. St. 1925, art. 1844]).**

Assignment that court erred in rendering judgment for insured because he failed to prove that he had performed all duties required of him by terms of policy, held too general, and not in compliance with Rules for Court of Civil Appeals, 24–26, nor Rev. St. 1911, art. 1612 (Rev. St. 1925, art. 1844).

8. **Appeal and error 1151(3).**

Court of Civil Appeals will not increase amount of judgment merely because in their opinion evidence would have sustained such judgment.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by L. B. Crowley against the Bull Dog Auto Insurance Company. From a judgment for the plaintiff, defendant appeals. Affirmed.

Callicutt & Upchurch, of Corsicana, for appellant.

Davis, Jester & Tarver, of Corsicana, for appellee.

BAUGH, J. This is an appeal from a judgment for $875 in favor of appellee, Crowley, against appellant, rendered on a fire and theft insurance policy for $1,100, issued by said company on Crowley's automobile. The car was stolen and burned. The case was tried to the court without a jury.

[1] No findings of fact nor conclusions of law were made by the trial court, and none were requested. That being true, if there is any theory of the evidence upon which the judgment can be sustained, we will not disturb it. Adcock v. Shell (Tex. Civ. App.) 273 S. W. 900; Joseph v. Puryear (Tex. Civ. App.) 273 S. W. 974.

[2] Appellant's brief is not prepared in accordance with the rules, but we will consider the main contentions made by it. The first of these is as follows:

"Appellee having made a false representation that the automobile was purchased for $2,600, and was a late model of 1921, whereas in truth he paid only $400 for the automobile, and it was in fact a 1919 model, this was a sufficient false representation as would entitle the appel-

lant to avoid the contract of insurance after ascertaining the falsity thereof after the alleged destruction of the car by fire."

We overrule this contention. There was ample evidence to show that the car was in fact a 1921 model, and not a 1919 model. The application did contain a recital of "Price paid, $2,600.00," and Crowley testified that he bought the car secondhand from the Perry Motor Company in Dallas and paid $400 for it shortly before it was insured. He also pleaded and testified that appellant's agent at Powell, Tex., solicited the policy and prepared the application in toto; that he signed same without reading it or knowing it contained any such recital; that he at no time made any such statement to appellant's agent, one M. E. Cannon, who resided in Powell; that, on the contrary, he told Cannon at the time that he was dealing in secondhand cars, and would not disclose the cost to him of the car in question. The evidence also shows that Cannon examined the car himself, appraised its value, and offered to write appellee a policy for $1,377 on the car, but that appellee declined to take a policy for more than $1,100. None of this testimony was disputed or contradicted. There was evidence that the car was reasonably worth at the time $1,500 or $1,600, and that Crowley virtually had it sold for approximately that amount. The application also showed that the car was secondhand, and that Crowley was the third owner thereof. On the application occurred the signed statement of "M. E. Cannon, authorized representative of appellant," as follows:

"I have made personal inspection of the car upon which insurance is applied for, and recommend that the policy be issued in the amount applied for."

Following this was his report that:

"The present owner Mr. L. B. Crowley, of Powell, Tex., purchased the car at Dallas, Tex., from Perry Motor Company, and the car will bring on the market any time not under $1,500 to $1,600."

[3] No fraud in the valuation of the car, which was a Chandler 6-cylinder sedan, was alleged or proved. In the light of the other evidence we think the trial court could properly have found that the recital of $2,600 paid was mistakenly placed in the application, or that it probably was intended to show the original sale price of the car when new, and that it in no way induced the insurance company to accept the risk. Mere overvaluation of personal property, in the absence of fraud, is not sufficient misrepresentation to avoid a policy. As stated by Judge Neill in Delaware Ins. Co. v. Hill (Tex. Civ. App.) 127 S. W. 292:

"A fraudulent intent, or intentional purpose to deceive, must be shown, or circumstances that warrant such an inference, and the burden is upon the insurer to establish both the fact of overvaluation and fraud."

[4, 5] We think there was ample evidence in the instant case to raise the question, under article 4947, R. S. 1911 (article 5043, R. S. 1925), as to whether the misrepresentation, if any, was "material to the risk," as that language has been construed by the courts, and, being a question of fact with evidence to support the trial court's finding thereon, we will not disturb such finding.

Appellant's next proposition is that, under the evidence, judgment for $875 was excessive. There is no merit in this. There was evidence before the court on which he could have rendered a judgment for the full amount of the policy.

[6] Appellant next complains of the exclusion of proffered testimony of R. E. Morris, state manager of appellant, to the effect that the car "was a 1919 model from the number, 81804, as shown by the statement of facts, * * * and that at the time of the fire he estimates that the car was worth $400." The court excluded this testimony. We have carefully read the statement of facts, and find no express testimony that said car was No. 81804, or that it was a 1919 model. On the contrary, the evidence rather shows, and the application recites, that it was No. 132635 and a 1921 model. Mr. Morris did testify: "If the number of the car here in question is 81804, then it is a 1919 model." In approving the bill of exception, the trial court placed thereon the following qualifications:

"The foregoing bill of exception is approved with the following qualifications: The witness R. E. Morris testified that he never had seen the automobile in question at any time, either before it was destroyed by fire or afterwards, and that he knew nothing on earth about the market value of secondhand automobiles. The said witness was merely attempting to read from a table in a book put out by the insurance company as to the value that they put on secondhand automobiles of certain makes and models, and that the model in question would have been worth the amount of money stated in the bill of exception according to the table of the insurance company, but he did not claim to know anything personally about the market value of said car."

Clearly such testimony was not competent and was properly excluded.

What we have said under the first proposition also disposes of appellant's fifth proposition.

[7] Appellant's last proposition is based upon its second assignment of error, which reads as follows:

"The court erred in rendering a judgment in favor of the plaintiff for $875, because the plaintiff failed to prove that he had performed all of the duties required of him by the terms of the insurance policy entitling him to recover in this cause."

This assignment and the proposition thereunder, in similar language, is manifestly too general for us to consider, and not in compliance with the statute, nor with the rules. See Rules for the Courts of Civil Appeals, 24, 25, and 26, 142 S. W. XII; article 1612, R. S. 1911; article 1844, R. S. 1925.

[8] Appellee has cross-assigned error, contending that the trial court should have rendered judgment for the full amount of the policy, $1,100, instead of for only $875. As above stated, we think there was sufficient evidence to have sustained such a judgment, but not sufficient to authorize us to disturb the judgment as rendered. This cross-assignment is therefore overruled.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.