## ALAMO CASUALTY CO. v. TRAFTON.

### No. 12095.

Court of Civil Appeals of Texas.
San Antonio.
May 24, 1950.

Rehearing Denied June 14, 1950.

See also 228 S.W.2d 195.

with the aid of a jury and, upon special issues submitted to them by which the jury found plaintiff's automobile was totally destroyed and was of the value of $550 at the time of destruction, the trial court entered judgment for plaintiff for $450, interest and costs.

By the first point the appellant contends the trial court erred in overruling its plea in abatement. As a basis for its plea in abatement defendant claimed that plaintiff had failed to comply with two conditions precedent before bringing suit; that the policy on which plaintiff sued required that plaintiff furnish "proof of loss" within 91 days after date of loss, and further provided that in the event the parties could not agree on the amount of loss, then appraisers should be appointed in accordance with the terms of the policy; that plaintiff had failed to agree on the amount of loss and had not furnished proof of loss, and although defendant had demanded an appraisal and plaintiff and defendant had each appointed appraisers, plaintiff's appraiser had refused to act, whereupon defendant alleged the plaintiff could not bring suit until such conditions had been complied with, and the suit should be abated or dismissed for failure of plaintiff to comply with the conditions of the policy.

Plaintiff, in his original reply to the plea in abatement, denied the allegations of defendant's plea and alleged that defendant had not made a valid demand for appraisal under the conditions of the policy; that it had actual knowledge of all matters material to the loss involved and proof of loss was not necessary, and that if proof of loss was required to be submitted or if defendant was entitled to an appraisal such rights were waived. Plaintiff further filed an amended reply to defendant's plea in abatement, in which he again denied the allegations of the plea in abatement and alleged defendant had actual knowledge of all material matters to the loss and proof of loss was unnecessary; and that defendant had made demand for appraisal and had made bona fide offer of settlement, and such demand and offer waived submission of proof of loss, and that by bona fide offer of settlement defendant waived its right to have the loss appraised.

Perkins & Floyd, Alice, Paul B. Miller, Jr., Alice, for appellant.

Werner A. Gohmert, Alice, J. Earl Barnhouse, Alice, for appellee.

BROETER, Justice.

This is an appeal from a judgment obtained by W. A. Trafton against Alamo Casualty Company upon a standard $100 deductible insurance policy issued to him, covering a 1936 Chrysler passenger automobile alleged to have been totally destroyed as a result of a collision. The trial was

The policy sued on herein required that "when loss occurs the named insured shall file proof of loss with the company within ninety-one days after the occurrence of loss, unless such time is extended in writing by the company in the form of a sworn statement of the named insured," and recites what such proof of loss shall contain. And the policy further provides that "if the named insured and the company fail to agree as to the amount of loss each shall on the written demand of either made within sixty days after receipt of proof of loss by the company, select a competent and disinterested appraiser and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire and failing for fifteen days to agree upon such umpire, then upon the request of the named insured or the company, such umpire shall be selected by a judge of court of record in the County and State in which such appraisal is pending. The appraisers shall then appraise the loss stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire." The policy further provides that "payment for loss may not be required nor shall action lie against the company unless as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy * * *."

■ The hearing on this plea in abatement was had before the county judge prior to the trial of the case upon the merits, and was by the court overruled. It is well established that proof of loss, such as is required in the policy involved in this case, may be waived. 2 Tex.Jur. 1109; 14 Ruling Case Law p. 1349, pars. 521 and 524.

The evidence introduced on this hearing shows that the insurer knew the insured had damaged his car by collision and upon request of the insurer an adjuster sent a representative from Corpus Christi to Alice, Texas, to investigate the claim of loss and settle the same if possible; that the adjuster's representative went to Alice, viewed the wrecked automobile and interviewed the insured and told him to go to Corpus Christi

and see the adjuster. This the insured did and in conversation with the adjuster he admitted the automobile was a total loss and offered $220 in settlement of the claim. The insured claimed his car was worth $550 and asked payment in such amount. We quote part of the adjuster's testimony on this hearing, as follows: "Mr. Trafton came by my office on February 4, 1949. At this time we had a conversation about Mr. Trafton's claim. Mr. Trafton wanted to know what the Insurance Company would give him for the damages to his car. We had an estimate to repair that was so high, I knew that the car was damaged so much it wouldn't pay to repair it. I assumed it was a total loss and told Mr. Trafton we would give him the N.A.D.A. value for the car of $220.00, which I explained was how the company figured values of cars. The N.A.D.A. book is an official guide to the price of used cars and we use it as a guide in determining values of used cars on which claims are being made against insurance companies. Mr. Trafton said he wanted $550.00 valuation which was what he paid for the car."

It is apparent from the record in this case that no serious dispute existed between the parties as to the total destruction of the car, but the parties failed to compromise the claim. The insured was never notified that his claim for $550 would not be paid, and the evidence further shows that the insurer demanded an appraisal while negotiations for settlement were pending.

■ The requirement contained in the policy for submission of proof of loss by the insured was waived by demand for appraisal, 2 Tex.Jur. 1109, par. 291; by offering to pay part or all of the loss, 14 R.C.L. 1349; and by admitting liability, St. Paul Fire and Marine Insurance Co. v. Pipkin, Tex.Civ.App., 207 S.W. 360; Commercial Union Assurance Co. of London, Ltd. v. Meyer, 9 Tex.Civ.App. 7, 29 S.W. 93.

■ The evidence in this case establishes that the insurer appointed an appraiser and the insured also appointed an appraiser. The record does not establish that the insurer at any time requested either of the appraisers to appoint an umpire. The in-

surer had notice of who the insured had appointed as his appraiser, but except for making an effort to locate him did nothing more. Such appraiser was located but would not make an appraisal and said that he did not know enough about automobiles and that he wanted to talk it over with some people he knew. Neither appraiser did anything further. The appraisers never agreed on the value of the damaged automobile. Insurer made no effort to have another appraiser appointed or have the two appraisers agree upon an umpire. The clause providing for the appointment of appraisers, as hereinabove quoted, requires that before appraisers may be appointed the insured and company shall fail to agree as to the amount of loss. The insurer quit negotiating for settlement with a statement by the adjuster to the insured that he would submit the insured's claim for $550 to the insurance company. The insured was never notified that his claim was denied. Under the evidence in this case we do not believe that the parties failed to agree upon the loss. The loss was total, but the parties could not reach a settlement. There was no failure to agree, as is required by the decisions of our courts and the appraisal clause quoted above before appraisers may be appointed. Disagreement is a prerequisite to the right to demand arbitration, and arbitration becomes a prerequisite to the maintenance of suit on the policy. It is said in 24 Tex.Jur. § 298: "Where a policy provides for arbitration as to the amount of the loss, in the event of a disagreement between the parties, such a disagreement is a prerequisite to the right to demand such arbitration. The disagreement must be one of fact, evidenced by an attempt in good faith on the part of the party demanding arbitration to agree as to the loss. A mere arbitrary refusal to pay the amount demanded and offering a less amount does not constitute such a disagreement as is contemplated by the policy."

The disagreement of the parties in this case was only as to the basis of estimating the loss. A disagreement merely as to the basis of estimating loss is insufficient to render effective an arbitration clause. Virginia Fire & M. Ins. Co. v. Cannon, 18 Tex. Civ.App. 588, 45 S.W. 945, writ of error refused.

Appellant's first point is overruled.

Appellant in its brief next presents its Fifth Point, and under it claims that the trial court erred in refusing to permit appellant to cross examine witnesses or introduce evidence in the trial before the jury on the failure of plaintiff to submit proof of loss and on its failure to comply with the conditions of the policy requiring an appraisal.

A reference to the pleadings and amendments thereto discloses that plaintiff in his original petition recited he had complied with all conditions of the policy and by answer thereto the defendant denied plaintiff had complied with the conditions of the policy and specifically alleged plaintiff had not submitted proof of loss as required. Plaintiff, by trial amendment, alleged defendant had actual knowledge of all matters concerning the loss and therefore proof of loss was unnecessary and that proof of loss was waived by submission of offer of settlement and by demanding an appraisal. Plaintiff further alleged that the appraisers appointed by the parties had failed to appoint an umpire within the 15 days required by the policy and defendant had not requested a judge to appoint an umpire, and by such failure waived the right to an appraisal. Defendant, by an amendment, alleged the appraiser appointed by plaintiff was incompetent, had failed to appraise the car, and that plaintiff could take no action until appraisal was had.

From the above it is apparent that the issues sought to be raised by the special pleadings of the defendant addressed to the merits of the case are the same as those raised by the plea in abatement, that is, the failure to have an appraisal and the failure to file proof of loss. The failure to have appraisers appointed could at most delay the suit, consequently, the matter is one strictly in abatement and the court's prior ruling is binding upon appellant.

The contention that a proof of loss was not filed within the 91 days prescribed by the policy, if sustained, would effectually

bar a recovery by the appellee, as said time had expired at the time the hearing upon the "plea in abatement" was had. As above pointed out, the question involved upon the hearing on the "plea in abatement" was whether or not the policy provision relating to the filing of a proof had been waived. The same issue is made by the pleadings relating to the merits of the case.

It was not necessary for appellant to raise the proof of loss issue by a preliminary plea. Had it so desired, it could have elected to present the matter to the jury at the time of a trial on the merits. However, the insurance company did not choose to do this, but elected to raise the issue and have it determined prior to the trial to a jury. This election must be held binding upon appellant. It is clear that had the trial court determined the proof of loss issue against appellee at this preliminary hearing, his suit would have been dismissed and he would have been banned from again asserting his claim. The principle of equality demands that like binding effect be given to the holding against appellant made at the preliminary hearing. The question presented is not strictly one of res judicata. It is similar to the principle of election of remedies.

The case of Connellee v. Drake, 4 Willson, Civ.Cas.Ct.App. § 98, 16 S.W. 175, 176, is believed in point and controlling. It appears that the defendant contended that the allegations of plaintiff's petition were fraudulently made in order to confer an apparent jurisdiction on the county court. He elected to present this contention to the judge by special plea prior to trial of the cause before a jury. "When the cause went to the jury appellant proposed to submit the issue made by said plea to the jury, and offered evidence in support of said plea. The judge refused to admit said evidence, and declined to submit the plea to the jury." The Court of Appeals held that, "In this there was no error. It is true that the proper practice would have been to have submitted said issue under proper instructions for the determination of the jury, International & G. N. Railway Co. v. Nicholson, 61 Tex. 550; Dwyer v. Bassett, 63 Tex. 274;

Gill v. Jackson, 3 Willson Civil Cas.Ct. App., § 355; but appellant cannot complain of a departure from the proper practice in this case, because he submitted said plea to the adjudication of the judge, and thereby waived and deprived himself of the right to have it submitted to the jury. One adjudication of the plea was all he was entitled to, and that was accorded to him in the mode chosen by himself."

Appellant's fifth point is overruled.

Appellant's points numbered two, three and four recite that the court erred in overruling appellant's motion for judgment, motion for an instructed verdict and appellant's special exception to plaintiff's petition. The reasoning we have given in overruling appellant's first and fifth points disposes of appellant's second, third and fourth points. They are each overruled.

Appellant's sixth point complains of the court's refusal to submit special issues numbered one, two, three and four. Upon examination of the special issues requested, we find that special issues numbered one, two and three contain issues on appraisal and submission of proof of loss and our ruling on Point No. Five is to the effect that appellant had waived its right to have such matters submitted to the jury. Special Issue No. Four asked the jury to determine whether or not the defendant is liable to plaintiff on the automobile insurance policy. This issue is improper as it submits to the jury for determination a question of liability which is a question of law. Said sixth point is overruled.

By appellant's seventh point it complains of the refusal of the court to permit the introduction of a book designated as the N.A.D.A., which is a book commonly used by automobile dealers as a table to show the value of secondhand automobiles of certain makes and models. There was no error in refusing introduction of this book. B. & H. Motor Co. v. Tucker, Tex.Civ.App., 299 S.W. 949. Appellant's point No. Seven is overruled.

By appellant's eighth point it is urged that the trial court erred in improperly

commenting upon the evidence introduced by appellant. It appears from the record in this case that while appellant's witness Craft was testifying for appellant the N. A.D.A. book was offered in evidence by appellant and the court refused to permit the same to go before the jury. The book was offered to show the market value of the car at the time of the collision and appellee objected to its introduction on the ground that it was hearsay and the court sustained the objection to which counsel for appellant noted his exception, whereupon the court remarked: "I don't believe there is anybody up there in Chicago that could arbitrarily put down a figure in a book and send it down here to Alice, Texas, and tell the jury what a car is worth." Mr. Miller, counsel for appellant, thereupon said, "we except to the remarks of the court as being a comment upon the weight of the evidence and very prejudicial to the defendant."

▇ We do not find anything in the record which indicates that the court was requested to instruct the jury not to consider the remark made. We have held that the book was properly excluded. The remark of the court therefore was made concerning evidence which had not been introduced. If the remark of the court can, as contended by appellant, be construed as referring to the testimony of the witness Craft as to how he arrived at his opinion of the value of the car, which he says was partially based on the value placed in this N.A.D.A. Book, an objection to that effect was not presented to the court. The court was not apprized of any injury done to the appellant as a result of the remarks of the court. There is much evidence in the record as to the value of the car being $220, as disclosed by this N.A.D.A. Book. Such evidence was introduced by the appellant and was not objected to by the appellee. Such evidence was not proper, and had appellee requested an instruction directing the jury not to consider the evidence as to the contents of the book such instruction would have been proper. The remarks of the court, considered from appellant's standpoint, could not be held to convey to the jury a stronger impression than that they should not consider the value as placed by the book for any purpose. Point Eight is overruled. The following cases are authority for so ruling: Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358, and same case by Court of Civil Appeals, 177 S.W.2d 271; McEwen v. Texas & P. Ry. Co., Tex.Civ.App., 92 S.W.2d 308; B. & H. Motor Co. v. Tucker, Tex.Civ.App., 299 S.W. 949; Bull Dog Auto Insurance Co. v. Crowley, Tex.Civ.App., 281 S.W. 622.

▇ By appellant's ninth point it urges that the trial court erred in refusing to permit it to examine the appellee in regard to a lien on appellee's car. We are not informed in the briefs as to the materiality of such proffered testimony. The record does not disclose how such evidence would show interest or bias of the witness. There is other evidence in the record as to the existence of such lien. The witness Earl Diffenbach testified there was a lien and the policy introduced disclosed a lien. Such point is overruled.

▇ The record discloses that appellee rested his case at 11:40 a. m on the first day of this trial and upon such announcement the appellant requested a recess on account of absent witnesses until 1:30 or 2 o'clock p. m., which request was by the court granted, whereupon attorney for appellee said, "We want to go right on through with this case, the jury don't want to sit around." Objection was made by attorney for appellant to these remarks. He stated, "They seek to gain favor with the jury and prejudice the jury," and a mistrial was requested The court overruled such request. These remarks were made in the presence of the jury. By appellant's tenth point it is urged the trial court erred in refusing a mistrial as requested. We do not believe that the remarks made were such as should require a mistrial or a reversal by this Court. If harm was done to appellant's cause as a result of such remarks we believe same could have been corrected by an instruction to the jury. Appellant did not make

request for such an instruction. Texas Employers' Ins. Ass'n v. Kelly, Tex.Civ. App., 56 S.W.2d 1108. Appellant's tenth point is overruled.

No reversible error appearing in the record, the judgment is affirmed.