**Clint W. MURCHISON, Appellant,**

v.

**Kent QUALLS, Appellee.**

No. 3389.

Court of Civil Appeals of Texas.

Waco.

Oct. 4, 1956.

Rehearing Denied Oct. 24, 1956.

Turner, White, Atwood, McLane & Francis, Thos. R. Hartnett, III, Dallas, for appellant.

Weinberg, Sandoloski & Ginsberg, Dallas, for appellee.

McDONALD, Chief Justice.

This is a case in which Kent Qualls, a resident of Costa Rica, as plaintiff, filed suit against Clint Murchison and Delhi Oil Corporation as defendants, for money allegedly due him for 1) reimbursement for legal expenses incurred by him; 2) reasonable rental value of a truck; 3) personal services rendered; and 4) attorney's fees. Trial was to a jury and resulted in a verdict and judgment for plaintiff against defendant Murchison for 1) $600 reimbursement for legal expenses; 2) $4,-500 as reasonable rental value of a truck, and 3) $1,000 attorney's fees. Plaintiff's claim for personal services was denied and an offset was allowed in favor of defendant for $1,666.66; leaving judgment for plaintiff for $4,433.34.

The record reflects that the defendant Murchison went to Costa Rico and inspected plaintiff's ranch which had been placed on the market for sale. While in Costa Rico inspecting the ranch defendant negotiated with plaintiff to purchase same. Plaintiff and defendant entered into an oral agreement for the sale of the ranch to defendant and defendant left Costa Rico. After defendant left Costa Rico he instructed plaintiff by mail to proceed with certain work for him preparatory to exploratory work for sulphur in Costa Rico. Defendant also directed plaintiff to go to Panama and other places in connection with the project. Thereafter defendant sent other persons to Costa Rico to begin exploratory work for sulphur. In connection with said exploratory work plaintiff furnished his 6 x 6 truck and other equipment as well as his personal services, all in furtherance of defendant's projects. Plaintiff did this in anticipation of the consummation of the agreement defendant made to purchase plaintiff's ranch. After many months of exploratory work it was learned that the Costa Rico sulphur deposits were not profitable and defendant (and Delhi Oil Company, of which defendant was president) withdrew from Costa Rica. Defendant did not consummate his agreement to purchase plaintiff's ranch, but had one of his representatives tender plaintiff $2,000 for his services and use of his equipment. Plaintiff refused this tender and thereafter sent defendant a bill for his services and rental value of his equipment. Defendant refused to pay same and plaintiff filed this suit. Upon trial to a jury all fact issues submitted to the jury were resolved in favor of plaintiff and against defendant Murchison. Judgment was entered for plaintiff upon the verdict, except for the item for personal services which the Trial Court found barred by the two year statute of limitations, and giving effect to an offset for $1,666.66 which was stipulated by the parties.

Defendant appeals, contending: 1) The Trial Court erred in overruling defendant's motion for a mistrial and objections to entry of judgment, in that the remarks of plaintiff's attorney in open court with respect to the attempt to serve defendant Murchison with a subpoena duces tecum were prejudicial and influenced the jury against the defendant, and no instruction from the court could cure such inflammatory and prejudicial remarks, which action was reasonably calculated to and probably did cause the rendition of an improper

judgment in the case. 2) Judgment was improperly entered in that plaintiff failed to prove a justiciable interest in the truck, the rental value of which was among plaintiff's claims.

As to defendant's 1st contention, a further statement is necessary.

During the latter part of the presentation of the testimony by defendant, defendant's attorney offered portions of the deposition of the defendant Murchison, and the following transpired:

"Mr. Hartnett (attorney for defendant): We would like to introduce parts of the deposition of Clint W. Murchison.

"Mr. Sandoloski (attorney for plaintiff): Judge, we have got out a subpoena duces tecum and have had it out two weeks to subpoena the man he is trying to use now. We have been informed by the Sheriff's office that he is dodging service and we object under those circumstances at this time to them using the deposition in lieu of producing the man, when he is in town and there is a subpoena out for him and he is dodging service.

"The Court: Make your objection loud enough for the Reporter to hear you.

"Mr. Sandoloski: We object at this time to the use of the deposition of Mr. Clint W. Murchison, Sr., or any part thereof by the defendant's attorney, Mr. Murchison's attorney, for the reason that there is presently outstanding in the Sheriff's office of Dallas County, Texas, and has been for the past week, a subpoena duces tecum, with a tender of one dollar, to subpoena Mr. Murchison to this court. He was first ordered to appear here yesterday morning at nine o'clock, and upon the failure to serve Mr. Murchison, the subpoena was changed to demand his presence here this morning at nine

o'clock. I have been informed by the Sheriff's office, Miss Ruth Cox, that Mr. Murchison is dodging service of the subpoena * * *

"Mr. Hartnett: Wait just a minute. We are going to ask for a mistrial, based on that, making that statement in front of the jury.

"The Court: I will overrule your objection, but I will instruct the jury to disregard the remark of counsel."

Defendant contends that plaintiff's remarks were improper, and further, that looking to the state of the evidence as a whole in this case, the remark of counsel was so improper and prejudicial as to probably cause, in spite of the court's instruction to the jury to disregard the remark, the rendition of an improper judgment in the case. Defendant further contends that the statement was improper as an attempt by plaintiff's counsel to supply information not otherwise in the record, and which would have been inadmissible.

We believe that Rules 327 and 434, Texas Rules of Civil Procedure, are applicable to defendant's 1st contention.

Rule 327 says: "Where the ground of the motion [for new trial] is * * * because of any communication made to the jury or *that they received other testimony* * * * the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if * * * the testimony received * * * be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

It is to be observed that the foregoing rule differs from its source, Article 2234, R.C.S., in that the foregoing rule imposes the burden on the complaining party to show the probability of harm. Defendant

in the instant case did not attempt to have the jurors, or any of them, brought to court to be interrogated in his motion for new trial, nor did he present affidavits with his motion for new trial in regard to any jurors even hearing the complained of remarks of plaintiff's counsel and/or any effect same might have had.

The Trial Court, after hearing the evidence adduced and passing upon the question of the complained of remarks of plaintiff's counsel, was of the opinion that no misconduct or reversible error occurred and overruled the motion for new trial.

Rule 434, T.R.C.P. provides that "no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, *unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case * * *.*"

Defendant's complaint is that plaintiff's counsel made prejudicial and inflammatory remarks in the presence of the jury in an objection directed to the court. We know of no case dealing directly with the point at hand and none has been cited to us, but it is believed that cases dealing with remarks made at other times and in final argument are applicable.

Airline Motor Coaches, Inc., v. Campbell, Tex.Civ.App., 184 S.W.2d 532, 535, W/E Ref.W.M., presents a similar situation, and states:

"By its 9th point, appellant complains of the statement in the presence of the jury by one of counsel for appellee that the witness Holsomback had testified differently in a previous trial. When objection was made, the court sustained the objection and upon request instructed the jury not to consider such statement for any purpose. While this statement amounted to unsworn testimony on the part of counsel, we believe that the instruction of the court probably cured any harm which might have resulted, * * *."

The foregoing case contains statements closer resembling "testimony not otherwise before the jury" than those in the case at bar, but even so the court there holds such not a reversible error.

Alamo Casualty Co. v. Trafton, Tex.Civ. App., 231 S.W.2d 474, 479, no writ history, likewise presents a similar situation and states:

"The record discloses that appellee rested his case at 11:40 a. m. on the first day of this trial and upon such announcement the appellant reequested a recess on account of absent witnesses until 1:30 or 2 o'clock p. m., which request was by the court granted, whereupon attorney for appellee said, 'We want to go right on through with this case, the jury don't want to sit around.' Objection was made by attorney for appellant to these remarks. He stated, 'They seek to gain favor with the jury and prejudice the jury,' and a mistrial was requested. The court overruled such request. These remarks were made in the presence of the jury. [Appellant urges that] the trial court erred in refusing a mistrial as requested.

"We do not believe that the remarks made were such as should require a mistrial or a reversal by this Court. If harm was done to appellant's cause as a result of such remarks we believe same could have been corrected by an instruction to the jury."

In the case at bar the Trial Court instructed the jury to disregard the complained of remarks of counsel.

The case of Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.

2d 596, 599, 600, emcompasses the law under Rule 434 in connection with and as applicable to improper jury argument. That case says:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause *and probably did cause the rendition of an improper judgment in the case.*"

(In this case plaintiff alluded to the failure of defendants to produce a doctor involved in the case as a witness, in the presence of the jury).

"We do not think the nature of the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. The rule applied by the Court of Civil Appeals that a reversal should occur unless the court can say that the argument had no effect on the verdict has not been the controlling rule since the adoption of rules 434 and 503, Texas Rules of Civil Procedure. Cases decided prior to the adoption of the Rules have little value as precedents because they were decided under a rule which required a reversal if the court entertained any doubt of the harmful effect of the argument.

" 'Probably' is defined in the dictionary as meaning 'in a probable manner'. 'Probable' is said to mean 'having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely'. In the light of the whole record we cannot say that there is more reason than not to believe that the jury's verdict for the petitioners was caused by the possible inference, to be drawn from the argument, that if Dr. Loiselle were present he would support Dr. Jackson's testimony."

In the instant case there is no showing that the complained of remarks were heard by the jury, and if heard, that they had any effect whatever on the jury. But assuming that they were heard by the jury, we cannot say from the record as a whole that same are prejudicial or inflammatory as to probably cause the rendition of an improper judgment in the case. They were at best a comment on a party's failure to testify, which, if error, was most certainly cured by the Trial Court's instruction to disregard. Defendant's 1st contention is overruled.

Defendant's 2nd contention is that plaintiff did not prove a justiciable interest in the truck, the rental value of which was among plaintiff's claims. The record is replete with evidence that the truck in question belonged to plaintiff, including such evidence from two of defendant's witnesses. Plaintiff testified that the truck was owned by himself and his brother, and that they were partners. We think that it is overwhelming that plaintiff had a justiciable interest in the truck in question. Further to the above, however, defendant requested no issue in the Trial Court as to ownership of the truck; and stipulated with plaintiff for a setoff for tires and a winch furnished for the truck by defendant.

Defendant's 2nd contention is overruled, and the judgment of the Trial Court is affirmed.

HALE, J., not participating.