**INTRATEX GAS COMPANY, Appellant,**

v.

**M. P. HILBUN et ux., Appellees.**

**No. 15939.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 20, 1972.

Rehearing Denied Sept. 14, 1972.

Foy, Cobb, Campbell & Gall, Grover B. Cobb, Houston, Hollis Massey, Columbus, Armond G. Schwartz, Hallettsville, for appellant.

G. F. Steger, Columbus, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment entered in a condemnation suit. The most serious question raised on appeal involves jury misconduct.

Appellee owns a triangular tract of land consisting of 72.22 acres located in Colorado County, Texas. By this proceeding appellant has condemned a 50′ wide strip of land containing 1.73 acres as a permanent easement for a gas pipeline. An additional 25′ wide strip containing .87 acre was condemned as a temporary easement, leaving a remainder of 69.62 acres in the tract. All issues in the case were resolved by stipulation except the market value of the tracts condemned, and the damages, if any, to the remainder of the property.

In answer to special issues the jury found that the 1.73 acres tract had a market value of $778.50 before the taking and a market value of $302.75 after the taking. The .87 acre tract was found to have a market value of $391.50 before the taking and a market value of $195.75 after the taking. The 69.92 acres remainder was found to have a market value of $31,329.00 before the taking and a market value of $27,848.00 after the taking. By the judgment rendered the landowner recovered the sum of $4,152.50.

Appellant filed a motion for new trial alleging jury misconduct, and in support thereof attached affidavits of two jurors. The trial court determined that the affidavits were insufficient, and refused to hear testimony in support of the motion. After the court overruled the motion for new trial, he permitted jurors to be interrogated on a Bill of Exceptions.

Rule 327, Texas Rules of Civil Procedure, provides that where a ground in a motion for new trial is misconduct of the jury, "the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, . . . be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

This rule has its source in Art. 2234, Vernon's Ann.Civ.St., which was considered by the Supreme Court in Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644 (1942). There the court stated:

". . . if affidavits are attached to the motion showing material jury misconduct it is reversible error for the trial court to refuse to hear testimony on the motion; . . . in the absence of such affidavits or a reasonable excuse for not exhibiting the same, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial judge . . ."

In *Murphy* the court held that the trial judge abused his discretion in refusing to hear testimony despite the absence of affidavits. The court said:

". . . We think their offer of the written but unsworn statements of jurors Sargent and Tomlinson together with their tender of said jurors in open court to testify on the motion was such a guaranty of good faith as to challenge an inquiry by the court as to whether the matters alleged were true. . . . A litigant's right to a jury trial is certainly no more sacred than his right to a trial of his cause by a jury which bases its verdict solely on the evidence before it under the law as stated by the court. Without the latter the former is nothing . . ."

Roy Jones Lumber Co. v. Murphy, supra, has been cited in many subsequent cases as having finally determined the rule to be followed where a new trial is sought on

the ground of jury misconduct. Neuhoff Brothers Packers, Inc. v. Brooks, 410 S. W.2d 298 (Tex.Civ.App.—Waco 1966); Sumners Road Boring, Inc. v. Thompson, 393 S.W.2d 690 (Tex.Civ.App.—Corpus Christi 1965, writ ref., n. r. e.); Griffith v. Hudspeth, 378 S.W.2d 153 (Tex.Civ. App.—San Antonio 1964).

It is usually stated that the affidavit must show material overt acts of jury misconduct. Such an affidavit is required ". . . to afford assurance to the court that the complainant would probably be able to support his allegations by proof." Robertson v. Humble Oil & Refining Co., 116 S.W.2d 820 (Tex.Civ.App.—Texarkana 1938, error dism'd.).

"An overt act is one which is manifest, open or apparent. It is just as much an overt act for a juror to bring outside law before a jury as to present it outside facts." Powell v. Whited, 277 S.W.2d 819 (Tex.Civ.App.—Austin 1955), rev'd Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364 (1956). In its opinion the Supreme Court said: ". . . We have concluded that the overt acts upon which the Court of Civil Appeals based its judgment do not constitute misconduct . . ." The court stated two rules applicable to this case:

"We have concluded that an express misconstruction of the court's charge, which does not bring to the attention of the jury law or facts outside the record, should not be regarded as jury misconduct . . .

". . . The mere discussion by the jury of the legal effect of their answers does not, in the absence of an agreement or showing that they designedly attempted to frame their answers so as to accomplish a particular result, constitute misconduct of the jury. . . ."

In its motion for new trial appellant alleged misconduct of the jury in that it received unsworn testimony from a member of the jury; in that it considered an unauthorized measure of damages and based its verdict thereon; in that it determined the total amount to be awarded appellee and then answered the issues in a manner which would accomplish the predetermined result.

The affidavit attached to the motion reads:

". . . When the jury retired to consider a verdict, one of the jurors said he was of the opinion the jury should allow Mr. Hilbun some money for planting oats, coastal bermuda and trees. The jury agreed to allow $50.00 per acre on the 69 acres for such purpose. We discussed the cost of planting oats on the land cleared by the pipeline company and we agreed the cost would be at least $15.00 per acre, which we agreed would include plowing, planting and fertilizing. We did not discuss the cost per acre of planting coastal or trees. The two jurors from Eagle Lake did the calculating for our answers to the issues. After all issues were answered, those two jurors said we had allowed Mr. Hilbun the sum of $4,152.00."

The record shows that the tract of land was woodland. None of it was in cultivation. The easement tracts had been cleared of trees and brush prior to the trial. There was expert testimony that the remainder tract had suffered no damage. There was no evidence that it was either necessary or desirable to plant oats, grass or trees in the easement or the remainder tract. There was no evidence of the cost of such planting.

A discussion of the cost of planting oats and an express agreement to allow $50.00 per acre on the 69 acres as compensation for planting oats, coastal bermuda and trees, under the facts of this case, would constitute material overts acts of jury misconduct. The affirmation by the juror in his affidavit that these events occurred "challenge an inquiry by the court as to whether the matters alleged were true." A question is raised as to whether

the jury based its verdict "solely on the evidence before it under the law as stated by the court." Roy Jones Lumber Co. v. Murphy, supra. The affidavit was sufficient to afford assurance to the court that the complainant would probably be able to support the allegations of his motion for new trial by proof. It then became the duty of the court to hear the testimony of the jurors in order to determine whether the alleged misconduct occurred, . and whether from the record as a whole injury probably resulted. The trial court erred in refusing to hear the testimony of the jurors before exercising the discretion vested in him by Rule 327, T.R.C.P.

■ In reaching this conclusion we have not considered the testimony of the jurors preserved by Bill of Exception. The language of the Rule is mandatory. The courts have required the affidavit to discourage "fishing expeditions" in order to preserve the time of the courts and to avoid unnecessary inconvenience to, and harassment of, jurors. There is no requirement that the complainant show harmful error in a bill of exceptions where the trial court refuses to hear testimony. The affidavit must show jury misconduct of a material nature. Permitting the jurors to be interrogated on a bill of exception is unncessary and largely defeats the purpose of requiring affidavits to be attached to the motion for new trial. · It is a practice that should not be encouraged.

■ In response to a motion in limine the trial court instructed counsel for appellee not to bring out before the jury the fact that appellant was a subsidiary of Houston Natural Gas Corporation. The instruction was violated. An objection to the improper question was sustained, and the jury was instructed not to consider the question. Counsel for appellee also made a sidebar remark of a caustic nature criticizing appellant for making a proper objection to testimony. The court sustained an objection to the remark and instructed the jury not to consider it. See Rule 269(f),

T.R.C.P. While the conduct of counsel for appellee was improper and regrettable, its harmful effect was not so great that it probably influenced the verdict of the jury and caused the rendition of an improper judgment in this . case. Murchison v. Qualls, 294 S.W.2d 296 (Tex.Civ.App.— Waco 1958, writ ref'd n. r. e.).

■ Appellant requested that the trial court submit an issue asking whether the remainder tract had decreased in market value, and to predicate the issues on value before and after taking on an affirmative answer to such an issue. This request was denied, and this action is assigned as error on the authority of State v. Oakley, 163 Tex. 463, 356 S.W.2d 909 (1962). In *Oakley* the remainder consisted of four irregularly shaped and separated tracts. The trial court submitted his charge in the manner appellant requested here. This manner of submission was approved. However we do not read *Oakley* as requiring such a submission, particularly in an uncomplicated case such as this. Our case was submitted in the manner suggested in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. The issues were fairly submitted by the trial court. No reversible error was committed by the refusal of the requested issue.

■ The trial court properly placed the burden of proof on appellee in the issues submitted. A special instruction placing the burden of proof on appellee was, therefore, not required. Hawkins v. Collier, 235 S.W.2d 528 (Tex.Civ.App.—Galveston 1950); Goree v. Hansen, 214 S.W.2d 824 (Tex.Civ.App.—Ft. Worth 1948).

■ Appellant urges that the trial court erred in refusing to use the term "reasonable market value" instead of "market value" in wording the issues submitted to the jury. No cases have been found discussing a distinction between the terms. The term "market value" was properly defined in the charge. The issues were submitted in the form suggested in State v. Carpenter, 126

Tex. 604, 89 S.W.2d 194 (1936). No error is presented by this point.

After carefully considering the testimony we are unable to say that the answers made by the jury to the issues on the market value of the remainder tract are supported by insufficient evidence.

■ The trial court properly excluded a picture of an expensive residence which lies near a gas pipe line. There was no showing that the residence was built with knowledge of the existence of a high pressure gas pipe line in the vicinity. The materiality of the evidence to issues in this case is not evident.

The judgment is reversed and the cause is remanded with instructions to the trial court to hear evidence upon the allegations of appellant's motion for new trial relating to jury misconduct, and if he determines that there was jury misconduct and that it presents reversible error, he will order a new trial; otherwise, he will overrule said motion and his original judgment will stand.

Reversed and remanded with instructions.