**Philip C. ELSTON, Appellant,**

v.

**SHERMAN COCA–COLA AND DR. PEPPER COMPANY, a Texas Corporation, Appellee.**

**No. 8734.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 12, 1980.

**216**

C. Larry Cain, Kennedy Minshew, Evans, Campbell & Cain, Sherman, for appellant.

Joseph W. Wolfe, Henderson, Bryant, Wolfe, Vogelsang & Graber, Sherman, Howard W. Kaffenberger, Dallas, for appellee.

HUTCHINSON, Justice.

This appeal complains of the refusal of the trial court to receive evidence of alleged jury misconduct at the hearing on a motion for a new trial. Appellant, Philip C. Elston, instituted this suit against appellee, Sherman Coca-Cola and Dr. Pepper Company, seeking recovery of damages for personal injuries sustained in a motor vehicle accident. In response to special issues, the jury found negligence proximately causing the accident to be 40% on the part of appellant and 60% on the part of the appellee and assessed damages in the sum of $6,400.00. Judgment was entered for the appellant for the sum of $3,840.00.

Appellant's motion for a new trial was based upon alleged jury misconduct. The affidavits of five of the trial jurors were attached to the motion. These affidavits stated that the jurors during their consideration of the damage issue discussed jobs which they knew and believed were available to appellant other than those testified about during the trial. Specific jobs performable by appellant were stated on personal knowledge as being available at Texas Instruments, Hitchcock Industries, Safeway and the civil service. The affidavits further stated the effect these discussions had upon such juror's vote as to the amount of damages to be awarded for the loss of future earnings.

■ The trial judge refused to hear the testimony of the jurors at the hearing on appellant's motion for a new trial and overruled the motion in open court. No order overruling the motion appears in the transcript, but the statement of facts of the hearing on the motion reflects that the decision overruling the motion was announced by the trial judge in open court. The absence of a signed and dated written order does not invalidate such order, Rule 306a, Tex.R.Civ.P., and the motion was overruled when the decision was announced in open court. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970). Appellee's assertion that appellant waived any error by failing to obtain a written order is without merit.

■ Rule 327, Tex.R.Civ.P., governs the trial court's actions on a motion for new trial based on jury misconduct. This rule states:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, or that a juror gave an erroneous or incorrect answer on voir dire examination, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, or the erroneous or incorrect answer on voir dire examination, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

The rule imposes a mandatory duty upon the trial court to receive evidence of jury misconduct if it is properly presented. The party asserting jury misconduct must show good faith by demonstrating that such allegation is based upon knowledge rather than hope. This showing can be made by attached affidavits or by an equivalent explanation of the attendant circumstances. *Roy Jones Lumber Co. v. Murphy*, 139 Tex. 478, 163 S.W.2d 644 (1942).[1]

■ The trial court must make an initial determination as to whether material misconduct occurred from the motion and its attachments. *Whited v. Powell*, 155 Tex. 210, 285 S.W.2d 364 (1956); *Intratex Gas Company v. Hilbun*, 485 S.W.2d 364 (Tex. Civ.App. Houston-1st Dist. 1972, no writ). Unless material misconduct is shown by affidavit the court need not consider evidence on the motion. *Cortez v. Medical Protective Co. of Ft. Wayne*, 560 S.W.2d 132 (Tex. Civ.App. Corpus Christi 1977, writ ref'd n. r. e.). However, if the attached affidavit shows material jury misconduct, it is error for the trial court to refuse to receive evidence on the motion. *Roy Jones Lumber Co. v. Murphy*, 163 S.W.2d at 646.

■ The attached affidavits here show that the jury, in connection with its deliberation on damages for loss of future earning capacity, discussed specific jobs, within the five individual jurors' special knowledge, that were available to appellant. These discussions considered evidence outside the record since no evidence of these available jobs was received during the trial. Thus the jurors became, in effect, witnesses to material facts. This constitutes overt acts of misconduct. *Akers v. Epperson*, 141 Tex. 189, 171 S.W.2d 483 (1943); *Roy Jones Lumber Co. v. Murphy*, 163 S.W.2d at 644–647; *Intratex Gas Company v. Hilbun*, 485 S.W.2d at 367.

The attached affidavits were sufficient to meet the initial requirement of assurance to the court that appellant would probably be able to support the allegations of the motion by competent proof. The court therefore had the duty to hear the proffered testimony and then decide whether the conduct occurred, whether it was material and whether injury to the appellant probably resulted therefrom. Tex.R.Civ.P. 327. Appellant's point of error is sustained.

---

1. This case construed Rule 327's predecessor, Vernon's Ann.Civ.Stat. art. 2234. The rule differs from the article only by imposing a burden on the complaining party to show a probability of injury.

■ Appellee points out that the affidavits state how the discussion of the availability of jobs affected each juror's vote upon the damage issue. The court cannot receive or consider testimony of this nature. The question of whether the misconduct caused injury to appellant sufficient to grant a new trial is one of law for the court, and it cannot consider evidence as to the mental processes of the jurors in reaching their decision. *Motley v. Mielsch*, 145 Tex. 557, 200 S.W.2d 622 (1947); *Cortez v. Medical Protective Co. of Ft. Wayne*, 560 S.W.2d at 137.

■ Appellee also points out that appellant failed to object to the court's refusal to admit the jurors' testimony and failed to make a bill of exception thereon. Such was not required. Rule 327 is mandatory and once material misconduct is shown by affidavit the court has a duty to receive the proffered admissible testimony. The statement of facts shows that appellant clearly stated to the court his desire to offer available evidence and his reason therefor, including a memorandum brief. No objection to the court's ruling was necessary. Tex.R. Civ.P. 373.

This cause is remanded to the trial court for a hearing of the evidence upon the allegations of jury misconduct only, and if the court from such hearing determines that jury misconduct did in fact occur and that such misconduct presents reversible error, the presiding judge will order a new trial; otherwise, the motion will be overruled and the original judgment will stand.

Reversed and remanded with instructions.