**Bryan Edwin HATTON, Appellant,**

v.

**HIGHLANDS INSURANCE COMPANY, Appellee.**

No. 1525.

Court of Appeals of Texas, Tyler.

March 29, 1982.

Kenneth R. Barron, Tyler, for appellant.

Jack Jackson, Jackson & Jackson, Tyler, for appellee.

McKAY, Justice.

This is an appeal from the trial court's refusal to hear testimony on a motion for new trial based upon alleged jury misconduct in a worker's compensation case. We reverse and remand with instructions.

Appellee Highlands Insurance Company (Highlands) filed suit to set aside an Industrial Accident Board's award in favor of appellant Bryan Edwin Hatton (Hatton). Hatton answered and filed a counterclaim alleging he sustained total and permanent incapacity from an automobile wreck in the

course and scope of his employment with Delta Drilling Company, Highlands' insured. Hatton pleaded that Delta Drilling employed him to work on a drilling location near Center, Texas; that at the time of his injury he was traveling from the drilling site to his home in Smith County, Texas; and that Delta Drilling regularly paid him for transportation to and from the drilling location. Hatton prayed for recovery totalling $42,105.00.

Trial was to a jury. The jury refused to find that Hatton's injuries were sustained in the course and scope of his employment, but answered all other issues in his favor. Based upon the jury verdict, the trial court rendered judgment in favor of Highlands.

Hatton moved for a new trial based upon jury misconduct. This motion stated that the jury discussed insurance coverage which was not in evidence, and that two jurors related personal experiences concerning their receipt and use of subsistence allowances similar to the one Hatton claimed he received for travel expenses to and from the drilling site. The motion further stated that the misconduct was material and resulted in injury to Hatton.

Hatton's motion for new trial was supported by the affidavit of juror Rhonda T. Degge. Degge made four statements in her affidavit: (1) that the jurors discussed whether Hatton was covered by other insurance and that this discussion was supported by no evidence; (2) that one juror, who stated he was a union member, said "he received a similar subsistence allowance as [Hatton] received, and that it was considered a raise rather than being considered a travel allowance"; (3) that another juror, who Degge believed to be Jimmy L. Warren, stated "when he worked as a roughneck he and some of his fellow workers pooled their subsistence allowance and got a place to live near the job, much the same as Highlands Insurance Company's attorney suggested when the question arose as to whether or not the money that [Hatton] had received was for a travel allowance or for the purpose of getting a place to stay near the job site"; and (4) that these dis-

cussions influenced the jury's verdict and resulted in no award to Hatton.

Hatton requested a hearing on his motion for new trial. The trial court, however, conducted no hearing and the motion was overruled by the passage of time. Appellant's sole point of error is that the trial court erred in refusing to hear evidence on his motion for new trial. We sustain this point of error.

Rule 327 of the Texas Rules of Civil Procedure provides:

> Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, or that a juror gave an erroneous or incorrect answer on voir dire examination, the court *shall* hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, or the erroneous or incorrect answer on voir dire examination, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party. (Emphasis added.)

This rule imposes a mandatory duty on the trial court to hear evidence of jury misconduct when it is properly presented. *Elston v. Sherman Coca-Cola & Dr. Pepper Co.*, 596 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1980, no writ). Where a motion for new trial based upon jury misconduct is supported by an affidavit showing material misconduct, the court must hear testimony. *Id.* at 218. We must therefore determine whether Hatton's motion for new trial and Degge's accompanying affidavit were properly presented and showed material misconduct.

Highlands contends that Hatton's motion for new trial is insufficient to require the trial court to conduct a hearing because it is supported by only one affidavit. Its position is that at least two supporting affidavits are necessary to entitle a movant for a

new trial based upon jury misconduct to a hearing on the motion. Highlands reasons that Hatton is not entitled to a hearing on his motion since he failed to secure two or more affidavits, and did not show he attempted to obtain any additional affidavits. Although we recognize that many cases in this area speak of affidavits, we reject appellee's contention that two or more affidavits are always required to entitle one to a hearing on a motion for new trial based upon jury misconduct.

█ Affidavits attached to a motion for new trial based upon jury misconduct help guard against a "fishing expedition" by requiring the movant to prove his good faith and to demonstrate, by particularizing the misconduct charged, that his allegations of misconduct are based upon knowledge and not hope or suspicion. *Roy Jones Lumber Co. v. Murphy,* 163 S.W.2d 644, 646 (Tex. Comm'n App.1942, judgm't adopted). It is clear, therefore, that an important requisite of a motion for new trial charging jury misconduct is that the alleged conduct be particularized. This requirement of specificity may be met by the "annexed affidavit of *one or more jurors* particularizing the circumstances so that the complaining party's demonstration is based on knowledge 'and not suspicion or hope.'" (Emphasis added.) *Moran Utilities Co. v. McHaney,* 325 S.W.2d 712, 722 (Tex.Civ.App.—Beaumont 1959, writ ref'd n. r. e.).

█ We believe Degge's affidavit sufficiently particularizes the alleged jury misconduct because it sets forth specific facts concerning the acts of misconduct relied upon, and names or identifies the jurors who committed the misconduct. *See Cortez v. Medical Protective Co. of Ft. Wayne, Indiana,* 560 S.W.2d 132, 136 (Tex.Civ.App. —Corpus Christi 1977, writ ref'd n. r. e.).

█ We now address whether the two personal experiences of jurors concerning their receipt of and use of subsistence allowances as alleged in Hatton's motion for new trial are material acts of misconduct.

Art. 8309, § 1b Tex.Rev.Civ.Stat.Ann. (Vernon 1967) provides,

*Unless transportation is furnished as a part of the contract of employment or is paid for by the employer,* or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, *such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment.* Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip. (Emphasis added.)

Injuries received while going to or returning from work are compensable where an employee is reimbursed for travel expenses by his employer as part of his contract of employment, *United States Fidelity and Guar. Co. v. Harris,* 489 S.W.2d 312, 315–16 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.), or where the employer pays the employee's travel expenses.

Statements of jurors concerning personal experiences constitute unsworn testimony, and, if pertinent to a disputed issue, can be conduct that will require a new trial. *Sims v. McKnight,* 420 S.W.2d 173, 176 (Tex.Civ. App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.).

The jury refused to find Hatton was injured in the course and scope of his employment. The instruction given in connection with this special issue reads, in part, as follows:

Unless transportation is furnished as a part of the contract of employment, expressly or by implication, or is paid for by

the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment.

The intended use of the subsistence allowance was clearly a disputed issue. According to Degge's affidavit, one juror stated he viewed his subsistence allowance as a raise, and one stated he pooled his with other workers to live close to the drilling location. The jurors' statements that they viewed or used their subsistence allowances for purposes other than travel expenses was pertinent to Hatton's claim that the subsistence allowance he received was to defray travel expenses, and thus whether he was in the course and scope of his employment. We believe, therefore, that these personal experiences were material acts of misconduct. From this conclusion, it follows that the trial court should have conducted a hearing on Hatton's motion for new trial. *See Elston v. Sherman Coca-Cola & Dr. Pepper Co., supra.*

It is our conclusion that the trial court should have conducted a hearing on the motion for new trial which alleged jury misconduct and had an affidavit attached from a juror.

We reverse the judgment and remand the cause to the trial court for an evidentiary hearing only upon the allegations of jury misconduct. If the court below determines that the misconduct did occur and that it resulted in probable injury to Hatton, a new trial shall be granted.

MOORE, J., not participating.